IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KELLI CHRISTINA, § | |
| § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 4:20-c-534 |
| § | |
| BRAD PITT, MAKE-IT-RIGHT § | |
| FOUNDATION, ET AL., § | |
| § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Defendants Brad Pitt ("Mr. Pitt"); Make it Right Foundation ("Make it Right"); Make it Right NMTC, LLC ("Make it Right NMTC"); and Make it Right-Solar, Inc. ("Make it Right-Solar") (collectively, "Defendants"),[1] through the undersigned attorney of record, hereby file this Notice of Removal and remove this action pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, from the 471st Judicial District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division.[2]  The grounds for removal are as follows:

### I.   STATE COURT ACTION

1.  On June 12, 2020, Plaintiff Kelli Christina ("Plaintiff") filed Plaintiff's Original Petition (the "Petition") in the case styled *Kelli Christina v. Brad Pitt, Make-It-Right Foundation, et al.*, originally pending as Cause No. 471-02859-2020 in the 471st Judicial District

---

[1] Plaintiff's Original Petition incorrectly names the corporate Defendants as Make-It-Right Foundation; Make It Right Foundation – NMTC, LLC; and Make It Right Foundation – Solar, Inc. Defendants' legal names are stated correctly herein.

[2] By filing this Notice of Removal, Defendants do not waive their right to contest the Court's personal jurisdiction over Defendants and, in fact, expressly reserve such right.

**NOTICE OF REMOVAL - Page 1**

Court of Collin County, Texas (the "State Court Action").

2. The Petition seeks monetary relief of "over $100,000" based on allegations of breach of contract, fraud, fraudulent inducement, conspiracy to commit fraud, negligent misrepresentation, and unjust enrichment. Pl.'s Petition ¶¶ 6.1-6.26, 7.1.

3. On June 19, 2020, Defendant Make it Right was served with the Petition through its registered agent.  As of the time of this filing, no other Defendant has been served.

4. To date, Defendants have made no appearance in the State Court Lawsuit.

5. As set forth below, this case is properly removed pursuant to 28 U.S.C. §§ 1441(a) and 1332, because (1) Plaintiff is a citizen of Texas; (2) Defendants are citizens of California, Delaware, and Louisiana; (3) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (4) Defendants have satisfied the procedural requirements for removal based on diversity.

## II.     THE PARTIES ARE COMPLETELY DIVERSE

6. Plaintiff is a natural person.  The citizenship of a natural person, for the purpose of diversity jurisdiction, is where he or she is domiciled or has a fixed residence with an intent to remain indefinitely. *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman c. Northwest Acceptance Corp.*, 75 F.2d 553, 55-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas.  *See* Pl.'s Petition ¶ 3.1.

7. Defendant Brad Pitt is a natural person.  As alleged in the Petition, Mr. Pitt is domiciled in Los Angeles County, California, and is, therefore, a citizen of California.  *See id*. ¶ 3.2.

8. Defendant Make it Right is a non-profit corporation. Thus, its citizenship for diversity purposes is determined by the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Petition alleges that Make it Right is a "Delaware non-profit organization" that was formed "to assist in the sustainable redevelopment of New Orleans' Lower Ninth Ward following the devastation of that area after Hurricane Katrina." *See, e.g.*, Pl.'s Petition ¶¶ 3.3, 5.2. Indeed, Make it Right is incorporated in Delaware and has its principal place of business in Louisiana. Thus, Make it Right is a citizen of Delaware and Louisiana for diversity purposes.

9. Defendant Make it Right-Solar is also a corporation. As alleged in the Petition, Make it Right-Solar is incorporated in Delaware and has its principal place of business in Louisiana. *See id.* ¶¶ 3.5, 5.2. Thus, Make it Right-Solar is a citizen of Delaware and Louisiana for diversity purposes.

10. Defendant Make it Right NMTC is a limited liability company. A limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Make it Right NMTC's sole member is Make it Right. As explained above, Make it Right is a citizen of Delaware and Louisiana. Therefore, Make it Right NMTC is, likewise, a citizen of Delaware and Louisiana for diversity purposes. *See* Pl.'s Petition ¶¶ 3.4, 3.5, 5.2.

11. Because Plaintiff is a resident of Texas and Defendants are residents of California, Delaware, and Louisiana, complete diversity exists.

### III.     THE AMOUNT IN CONTROVERSY IS SATISFIED

12. Where a defendant can show, by a preponderance of the evidence, that the amount

in controversy is greater than the jurisdictional amount, removal is proper. *See* 28 U.S.C. § 1446(c)(2)(B). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or by introducing other evidence to establish the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine the amount in controversy, the Court may consider actual damages, punitive damages, and attorneys' fees. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

13. In the Petition, Plaintiff seeks monetary relief "over $100,000."[3] Pl.'s Petition ¶ 7.1.

14. Based on the foregoing, it is apparent from the face of the Petition that the relief sought by Plaintiff more likely than not exceeds the $75,000 jurisdictional amount and removal is, therefore, proper.

### IV. PROCEDURAL REQUIREMENTS HAVE BEEN MET

15. As set forth above, this action was filed on June 12, 2020. Make it Right Foundation was served on June 19, 2020. Mr. Pitt, Make it Right NMTC, and Make it Right-Solar have not been served. Removal is, therefore, timely because it is filed within thirty (30) days of Make it Right Foundation's receipt of service. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999).

16. The underlying lawsuit was brought and is currently pending in the 471st District Court of Collin County, Texas, which is located in the Eastern District of Texas, Sherman

---

[3] It is unclear from the Petition whether Plaintiff's estimation of damages includes the amounts sought for her alleged mental anguish and emotional distress. To the extent it does not, such damages further exceed the minimum amount in controversy requirement.

Division.  Therefore, venue is proper under 28 U.S.C. § 1441(a).

17. Pursuant to 28 U.S.C. § 1446(d), Defendants will file with the clerk of the 471st Judicial District of Collin County, Texas, a written notice of filing of Notice of Removal simultaneously with the filing of this Notice of Removal.

18. Pursuant to 28 U.S.C. § 1446(a) and Eastern District of Texas Local Rule CV-81, this Notice of Removal is accompanied by the following documents:

    a. **Exhibit A:** A Civil Cover Sheet;

    b. **Exhibit B:** A certified copy of the docket sheet in the State Court Lawsuit;

    c. **Exhibit C:** An index of documents filed in the State Court Lawsuit and copies of each document, as set forth below:

        i. C-1    Docket Sheet;

        ii. C-2    Plaintiff's Original Petition;

        iii. C-3    Case Information Sheet;

        iv. C-4    Service Return for Make it Right;

    d. **Exhibit D:** A list of all parties in the case;

    e. **Exhibit E**: A list of attorneys involved in the action being removed;

    f. **Exhibit F:** A record of which parties have requested a jury trial in this matter; and

    g. **Exhibit G:** The name and address of the court from which the case was removed.

19. Defendants do not admit or deny any of the allegations contained in the Petition, nor do they waive – and in fact expressly reserve the right to assert – any counterclaims and

defenses including, but not limited to, any defense outlined in Federal Rule of Civil Procedure 12, any equivalent rule under the law of the state of Texas, and any other defense which may be available pursuant to any applicable state or federal law.

20. Defendants expressly reserve their right to amend this Notice of Removal.

21. Defendants respectfully request that they be given a full opportunity to brief and be heard on these issues should removal be contested.

## CONCLUSION

WHEREFORE, Defendants hereby respectfully remove this action from the 471st Judicial District of Collin County, Texas, bearing Cause No. 471-02859-2020, to this Court so that this Court may preside over the cause as provided by law.

Respectfully submitted,

*/s/ Paul E. Coggins*
Paul E. Coggins
  Texas Bar No. 04504700
  pcoggins@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2020, a true and correct copy of the foregoing document was served on the following pursuant to the Federal Rules of Civil Procedure:

Kelli Christina, *pro se*
6400 Windcrest Drive, Suite 522
Plano, Texas 75024
kelli.kdstaffing@gmail.com

                                              */s/ Paul E. Coggins*
                                              Paul E. Coggins