# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **KELLI CHRISTINA,** § | |
| § | |
| **Plaintiff,** § | |
| vs. § | **CIVIL ACTION NO. _____** |
| § | |
| **BRAD PITT, MAKE-IT-RIGHT** § | |
| **FOUNDATION, ET AL.,** § | |
| § | |
| **Defendants.** § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| **Exhibit:** | **Date Filed/Entered:** | **Description:** |
|---|---|---|
| C | N/A | Docket Sheet |
| C-1 | June 12, 2020 | Plaintiff's Original Petition |
| C-2 | June 12, 2020 | Case Information Sheet |
| C-3 | July 1, 2020 | Service Return for Make it Right Foundation |

**471ST DISTRICT COURT**

# CASE SUMMARY
## CASE NO. 471-02859-2020

| | | | |
|---|---|---|---|
| **Kelli Christina vs. Brad Pitt, Make-It-Right Foundation, ET AL** | §<br>§<br>§<br>§ | Location:<br>Judicial Officer:<br>Filed on: | **471st District Court**<br>**Bouressa, Andrea**<br>**06/12/2020** |

---

### CASE INFORMATION

Case Type: **All Other Civil Cases**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          471-02859-2020<br>Court                       471st District Court<br>Date Assigned        06/12/2020<br>Judicial Officer      Bouressa, Andrea |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Plaintiff** | **Christina, Kelli** | Pro Se |
| **Defendant** | **Make-It-Right Foundation** | Pro Se |
| | **Pitt, Brad** | Pro Se |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/12/2020 | Plaintiff's Original Petition (OCA) $308.00<br>*Plaintiffs Original Petition*<br>Party:  Plaintiff  Christina, Kelli | |
| 06/12/2020 | Case Information Sheet<br>*Civil Case Information Sheet* | |
| 06/12/2020 | Request for Citation $8.00<br>*x2*<br>Party:  Plaintiff  Christina, Kelli | |
| 06/12/2020 | **Citation**<br>  Pitt, Brad                             unserved<br>  Make-It-Right Foundation    served 06/19/2020 | |
| 07/01/2020 | Service Return<br>*Make-It-Right-Foundation - Citation - Served* | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|
| | **Plaintiff** Christina, Kelli<br>Total Charges                                              324.00<br>Total Payments and Credits                       324.00 |

471ST DISTRICT COURT
# CASE SUMMARY
## CASE NO. 471-02859-2020

| | |
|---|---|
| **Balance Due as of 7/13/2020** | **0.00** |

CAUSE NO: 471-02859-2020

| | | |
|---|---|---|
| KELLI CHRISTINA | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v | § | |
| | § | |
| BRAD PITT, MAKE-IT-RIGHT | § | COLLINS COUNTY, TEXAS |
| FOUNDATION, ET AL. | § | |
| Defendants | § | 471st JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kelli Christina (collectively "Plaintiff"), files this Original Petition and complains against Brad Pitt as Director and Official of Make-It-Right Foundation, Make it Right Foundation, Make It Right – New Orleans Housing, LLC, Make It Right – NMTC, LLC, Make It Right – Solar, Inc. (collectively "Make-it-Right Foundation") and in support show the Court the following:

### I.
### DISCOVERY LEVEL

1.1  Discovery in this case is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### RULE 47 STATEMENT

2.1  Plaintiff seeks relief as prescribed by Rules 47(c)(5) and 47(d) of the Texas Rules of Civil Procedure.

### III.
### PARTIES

3.1  Kelli Christina, Plaintiff in this case, is an individual resident citizen of Collin County, Texas.

3.2    Brad Pitt, Defendant in this case, is an individual residing in Los Angeles, California who may be served with process by serving him through his current representative Plan B Entertainment at 9150 Wilshire Blvd #350, Beverly Hills, California 90210 or through his attorney John P. "Sean" Coffey, Kramer Levin, 1177 Avenue of the Americas, New York, New York 10036 or wherever he may be found.

3.3    MAKE-IT-RIGHT FOUNDATION, Defendant in this case, is an organization formed in Wilmington, Delaware which may be served with process by serving its registered agent, Corporation Service Company at its place of business located at 251 Little Falls Drive, Wilmington, Delaware 19808.

3.4    MAKE IT RIGHT FOUNDATION – NMTC, LLC., Defendant in this case is an organization formed in Wilmington, Delaware which may be served with process by serving its registered agent, Corporation Service Company at its place of business located at 251 Little Falls Drive, Wilmington, Delaware 19808.

3.5    MAKE IT RIGHT FOUNDATION – SOLAR, INC., Defendant in this case is an organization formed in Wilmington, Delaware which may be served with process by serving its registered agent, Corporation Service Company at its place of business located at 251 Little Falls Drive, Wilmington, Delaware 19808.

3.6    At all relevant times, each Defendant was an agent of the other Defendants. In committing the acts alleged herein, Defendants acted within the scope of their agency and were acting with the consent, permission, authorization and knowledge of the other respective Defendants, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Defendants alleged herein were ratified and approved by the other

respective Defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators.

## IV.
## JURISDICTION AND VENUE

4.1     The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

4.2     The Court has personal jurisdiction over Defendants because they engaged in business in Texas by contracting with Texas residents.  The Agreement were to be performed in whole or in part in Texas by both parties, which were actually part of one consolidated transaction. *See* Tex. Civ. Prac. & Rem. Code §17.042(1).  Defendants also committed on or more torts, which are the subject of this suit, in whole or in part in Texas—including conspiracy to defraud Plaintiff. *Id.* § 17.042(2).  Among other things, by engaging in the transaction with a Texas resident in Texas, by collecting payment in Texas, Defendants availed themselves of privileges and benefits of conducting business in Texas.  Thus, the Court has personal jurisdiction over Defendants.

4.3     Venue is proper is Collins County, Texas because all of a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Collins County. *Id.* §15.002(a)(1).

## V.
## NATURE OF THE CASE AND STATEMENT OF FACTS

5.1     Plaintiff a principal/owner of a successful medical personnel recruiting company serving the Texas market, was approached by Brad Pitt for the purposes of raising funds for the Make It Right Foundation's charitable cause(s) to benefit victims of Hurricane Katrina.

5.2     Defendants Make It Right Foundation was incorporated as a Delaware non-profit organization to assist in the sustainable redevelopment of New Orleans' Lower Ninth Ward following the devastation of that area after Hurricane Katrina. Affiliated with the non-profit

3

Foundation are two additional *for profit* limited liabilities companies, Make It Right-Solar, Inc. and Make It Right NMTC, LLC.

5.3     Defendant Brad Pitt is the founder and director of Make It Right Foundation. As such, he has held and continues to hold positions of authority, control, and management over the affiliated Make It Right subsidiaries. Brad Pitt has publicly acknowledged that he made promises to the residents of the Lower Ninth Ward to help them rebuild. Brad Pitt claimed personal credit for the rebuilding and effort and Brad Pitt benefitted from the significant free publicity he received. Brad Pitt gladly accepted responsibility for his personal participation when the publicity was favorable.

5.4     Plaintiff was persuaded by Brad Pitt's presentation of the allegedly meritorious cause. Plaintiff and Brad Pitt as founder and director of the Make It Right Foundation entered into a business agreement with specific terms and conditions. (hereinafter the "Agreement"). The Agreement called for, on one hand, Plaintiff would organize and market fund-raising events to the general public for the purpose of raising funds for Make It Right Foundation's charitable cause(s) wherein Brad Pitt would make appearance(s) to speak to the attendees. Brad Pitt's appearance at the events was key to the success of the events and was part of the Agreement between Plaintiff and Defendants. It was also agreed that in exchange for Brad Pitt's appearance at the fund-raising events organized by Plaintiff, Brad Pitt's expenses including travel costs and expenses would be paid for by Plaintiff.

5.5     Plaintiff Kelli Christina provided valuable services to Defendants beginning in 2018 by organizing and marketing fund-raising events and paid Defendants in advance to secure Brad Pitt's appearance at the scheduled events pursuant to the Agreement.

5.6     Indeed, Plaintiff organized, promoted, marketed and funded events pursuant to the Agreement. Plaintiff paid Defendants $40,000 over a period of two years with the understanding

4

that Brad Pitt would make an appearance at the fund-raising events. Brad Pitt, however, failed to make an appearance at any of the events.

5.7 Brad Pitt, as founder and director of Make-It-Right Foundation made representations that payment(s) made to ensure Brad Pitt's appearance at fund-raising events organized by Plaintiff and the proceeds raised at the events were to be administered by the Make-It-Right Foundation and ultimately would be distributed to the victims of Hurricane Katrina in New Orleans, Louisiana.

5.8 Each and every time Brad Pitt was scheduled to make an appearance, he failed to show despite having received payment for his appearance and travel expenses. Defendants and/or their representatives made assurances that his failure(s) to show up at the events were due to unpredictable circumstances. Each and every time Defendants and/or their representatives also made assurances that Brad Pitt would make an appearance at Plaintiff's fund-raising events at a later time. Brad Pitt never made an appearance at any of the fund-raising events organized by Plaintiff per the Agreement.

5.9 Payments made by Plaintiff to Defendants were made to different bank accounts Defendants owned in different banks.

5.10 Importantly, it is also unclear that any proceeds were distributed to victims of Hurricane Katrina in New Orleans, Louisiana. Defendants have been sued by homeowners in New Orleans for fraudulent acts and/or omissions related to the homes that Defendants built using millions in donations from the general public and the government.

5.11 Specifically to this case, Defendants were previously put on notice of Plaintiff's claims. After Brad Pitt's repeated failures to make an appearance, Kelli Christina sent a notice letter to Defendants requesting a refund of the payments made by Plaintiff for failure to make

5

appearances at the fund-raising events organized by Plaintiff pursuant to the Agreement. Plaintiff's request for a refund was wholly ignored.

5.12 Shortly after Plaintiff was approached by Brad Pitt regarding the charitable cause, in addition to the business relationship, a personal relationship began to develop between Kelli Christina and Brad Pitt to a degree that there were discussions of marriage between the two. During this two-year period, Kelli Christina made payments to Defendants totaling $40,000. After Brad Pitt repeatedly failed to make appearances at any of the scheduled fund-raising events, Plaintiff stopped sending payments to Defendants. Once the payments stopped, the personal relationship between Brad Pitt and Kelli Christina quickly dissipated and it immediately became impossible to contact Brad Pitt or the Make It Right Foundation to discuss a refund of the funds Defendants had received.

5.13 Upon information and belief, Defendants used Brad Pitt's celebrity status to lure Plaintiff into making payments to Defendants under the guise that the payments made were intended to benefit victims of Hurricane Katrina through the Make It Right Foundation. The series of events above are callously predatory to Brad Pitt's loyal fan base. Brad Pitt unscrupulously abuses his celebrity image, his global recognition and influence to lure in, take advantage and maliciously prey, in every possible way, on individuals in dire need of emergency assistance, on individuals that are legitimately poised to provide assistance, including Kelli Christina, his creditors, his investors, his business partners, his charitable foundations and ultimately his fan base.

## VI.
## CAUSES OF ACTION

**A. BREACH OF CONTRACT.**

6.1 Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

6.2 Kelli Christina is a legitimate owner of a successful medical professionals recruiting company, KD-Staffing, LLC. Kelli Christina makes it a point to contribute to charitable causes. In that spirit, Kelli Christina entered into an Agreement with Defendants to organize charitable fund-raising events. The Agreement also required Kelli Christina to pay for costs and travel expenses incurred in preparing for, and to attend the fund-raising events to speak to the events' attendees. Defendants breached the Agreement by failing to perform their contractual obligations causing Plaintiff to suffer injury as a result of Defendants' breach.

6.3 The elements of a breach of contract cause of action in Texas are satisfied because:

  a. Plaintiff entered into a valid agreement with Defendants;
  b. Plaintiff is a proper party to sue;
  c. Plaintiff tendered performance pursuant to the Agreement;
  d. Defendants breached the Agreement; and
  e. Plaintiff suffered injury as a result of defendants' breach.

*See Foley v. Daniel* 346 S.W.3d 687, 690 (Tex.App.-El Paso 2009, no pet.). *See also B&W Sup. V. Beckman,* 305 S.W.3d 10, 16 (Tex.App.-Houston [1st Dist.] 2009, pet denied).

6.4 As stated above, Plaintiff performed and satisfied her obligations under the Agreement by 1) organizing, marketing and hosting the fund-raising events; and 2) making payments to cover Brad Pitt's travel costs and expenses to ensure Brad Pitt's appearance at the events. Defendants breached the terms of the Agreement when Brad Pitt failed to make an appearance at any of the fund-raising events as contracted despite having received payment.

6.5 Kelli Christina, sues Defendants for injury and resulting damages sustained as a result of Defendants' breach of contract.

6.6     Defendants have failed to repay the payment(s) made by Plaintiff to Defendants over a two-year period totaling $40,000. Plaintiff seeks compensation for damages associated with Defendants breach of contract for failure to perform and satisfy Defendants' obligations under the Agreement by failing perform their duties under the Agreement. Defendants actions and/or inactions in its mismanagement of the foundation and Brad Pitt's failure to appear at the events constitute a breach of the Agreement.

6.7     Plaintiff performed all obligations required of her under the Agreement. Defendants have failed and refuse to pay the $40,000 owed to her. As a result of Defendants' breaches, Plaintiff has suffered from actual and proximate damages. Under present information and belief, neither Brad Pitt nor the Make-It-Right Foundation ever intended to meet their obligations and simply used Plaintiff for their selfish financial interests.

**B.     FRAUD.**

6.8     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

6.9     Under Texas law, fraud is a viable cause of action if:

>  (1) the defendant made a material representation that was false;
>  (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge
>  e of its truth;
>  (3) the defendant intended to induce the plaintiff to act upon the representation; and
>  (4) the plaintiff actually and justifiably relied on the representation, which caused the injury.

*See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

6.10    Defendants committed fraud. Defendants misrepresented to Plaintiff the nature and degree of their relationship with each other and the substance and material terms of the Agreement. The representations were material. Defendants' representations to Plaintiff were false. Defendants made the representations knowing they were false, or, alternatively, recklessly as a positive

8

assertion and without knowledge of the truth. Defendants intended for Plaintiff to rely on and had reason to expect Plaintiff would act in reliance on the false representations. Defendants received $40,000 over a two-year period for their benefit, never intending to provide any consideration to Plaintiff, but rather intending to take advantage of lucrative economic situations for themselves. Defendants made false material representations to Plaintiff that Brad Pitt would make an appearance at the fund-raising events. Defendants representations directly and proximately caused injury to Plaintiff, which resulted in damages with the jurisdictional limits of this Court.

### C. FRAUDULENT INDUCEMENT.

6.11 Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

6.12 In the alternative to the other counts, Defendants secured benefits by their breach of duties and fraudulent or negligent misrepresentations to Plaintiff, as well as taking undue advantage of Plaintiff, that it would be unconscionable for Defendants to retain. Defendants have been unjustly enriched in an amount within the jurisdictional limits of this Court.

### D. CONSPIRACY TO COMMIT FRAUD.

6.13 Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

6.14 Brad Pitt together and in a combination with the Make It Right Foundation agreed to defraud Plaintiff and to fraudulently enter into an unconscionable, illegal Agreement by unlawful means. Defendants acted with the intent to harm Plaintiff. Defendants and each of their affiliated entities committed one or more overt acts to accomplish the objective of their agreement. The agreement to defraud by material omissions and misrepresentations proximately caused injury to Plaintiff in an amount within the jurisdictional limits of this Court.

E. **NEGLIGENT MISREPRESENTATION.**

6.15    Plaintiff repeats and incorporates each and every allegation contained above as if set forth herein.

6.16    In the alternative to the counts above, Defendants committed negligent misrepresentation by misrepresenting the nature and degree of their relationship with each other and the substance and material terms of the Agreement. Defendants made the representations in the course of their business interest. Defendants' representations were misstatements of fact, as well as a failure to disclose information when they had a duty to do so. Defendants did not use reasonable care in communicating the information. Plaintiff justifiably relied on Defendants' representations.

6.17    Defendants sought out Plaintiff's financial and networking resources, which ultimately benefited Defendants, under the guise that Plaintiff's resources were for the benefit of victims of Hurricane Katrina. Brad. Pitt, as director of Make It Right Foundation, negligently managed the administration of the foundation to Plaintiff's detriment. Any prudent director of a charitable foundation of this magnitude, would have known, or should have had known that the foundation was responsible for ensuring Brad Pitt was present at the fund-raising events he was contracted to appear at.

6.18    Defendants owed a duty to Plaintiff to perform their contractual obligations under the Agreement and failed to do so.

6.19    Defendants' breach of their duty to perform their contractual obligations as a result of negligent management of the foundation such as failing to make arrangements for Brad Pitt to appear at scheduled and paid for.

6.20    Defendants' breach of their duty caused Plaintiff's loss of reputation amongst Plaintiff's business community. Event attendees were discouraged by Brad Pitt's absence at the

events. That loss of confidence by Plaintiff's business network has affected her business opportunities as they are skeptical due to the disappointing experience that Brad Pitt would stand up his and his foundations' supporters at the events organized by Plaintiff. Defendants negligence in managing their operations proximately caused Plaintiff to suffer severe mental anguish, loss of reputation and los of future income.

6.21   Defendants' misrepresentations proximately caused injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

**F.   UNJUST ENRICHMENT.**

6.22   Plaintiff repeats and incorporates each and every allegation contained above as if set forth herein.

6.23   Brad Pitt and Make It Right Foundation obtained a benefit in consequence of their breach of duty to perform their contractual obligations under the Agreement and duty to act with clean hands. Rather, Defendants intentionally and willfully crafted a fraudulent scheme to lure Plaintiff into paying Defendants $40,000 over a period of two years under the guise of providing assistance to victims of Hurricane Katrina. However, Defendants' real intent was to unjustly enriching themselves.

6.24   Defendants receipt of such benefit constitutes unjust enrichment and each of the Defendants is accountable for the benefit so obtained. Defendants will be unjustly enriched if Defendants are allowed to retain the benefit conferred upon them without performing their obligations under the Agreement.

6.25   Upon the jury's finding that these Defendants profited with notice of Brad Pitt's wrong, the Defendants are required to disgorge all gains (including consequential gains) derived from the wrongful transaction.

6.26    Alternatively, in any one or more of these Defendants should obtain a jury finding that its or his benefit from Brad Pitt's breach was unwitting, then it or he is required to disgorge the direct benefit derived from the wrongful transaction but not consequential gains.

## VII
## DAMAGES

7.1    Plaintiff has suffered actual damages because Defendants have breached the Agreement. Plaintiff has also been damaged by her reliance on Defendants' misrepresentations. The damages sought are within the jurisdictional limits of the Court. Presently, Plaintiff seeks monetary relief over $100,000. The foregoing allegation of monetary relief sought is made at this time pursuant to Tex. R. Civ. P. 47 and is based upon information and belief. Plaintiff reserves the right to amend this petition, including the foregoing allegation of the monetary relief sought, as further information becomes available. Pursuant to the Comment to the 2013 change to Tex. R. Civ. P. 47, the specificity in paragraphs (c)(2)-(5) of Tex. R. Civ. P. 47 is to provide information regarding the nature of cases filed and does not affect a party's substantive rights. Plaintiff's injury resulted from Defendants actual fraud, gross negligence, and/or malice, which is entitled to exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003(a).

7.2    Plaintiff has suffered from severe mental anguish, severe emotional distress as a result of Defendants' negligent and fraudulent actions and/or inactions.

## VIII.
## CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff and Defendants' Agreement have been satisfied and met by Plaintiff.

## **PRAYER**

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Plaintiff pray that Defendants be cited to appear and answer herein and that upon final trial judgment be entered in favor of Plaintiff and against Defendants as follows:

a. Awarding actual damages within the jurisdictional limits of the Court;
b. Awarding pre-judgment and post judgment interest at the lawful rate;
c. Awarding such exemplary damages as the Court may determine;
d. Awarding damages for severe mental anguish and severe emotional distress;
e. costs of suit;
f. all such other and further relief to which Plaintiff may show themselves justly entitled under law or equity.

Respectfully submitted,

_____

Kelli Christina
6400 Windcrest Drive, Suite 522
Plano, TX 75024
Telephone: (214) 564-9217
Email: kelli.kdstaffing@gmail.com

**PRO SE PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __471-02859-2020__   COURT *(FOR CLERK USE ONLY):* __471st__

STYLED _____
 *(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: Keith Smith
Email: priority@dasdelivers.com
Address: 1126 Rosewood Ln
Telephone: 214-601-3715
City/State/Zip: Lancaster TX 75146
Fax:
Signature: /s/
State Bar No:

### Names of parties in case:

Plaintiff(s)/Petitioner(s): Kelli Christina

Defendant(s)/Respondent(s): Brad Pitt, Make It Right Foundation

*[Attach additional page as necessary to list all parties]*

### Person or entity completing sheet is:
☐ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

*(stamped: 2020 JUN 12 PM 3:10 LYNNE FINLEY DISTRICT CLERK COLLIN COUNTY TX)*

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ Condemnation | ☐Annulment | ☐Enforcement |
| ☐Consumer/DTPA | ☐Construction | ☐Partition | ☐Declare Marriage Void | ☐Modification—Custody |
| ☐Debt/Contract | ☐Defamation | ☐Quiet Title | *Divorce* | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Trespass to Try Title | ☐With Children | **Title IV-D** |
| ☐Other Debt/Contract: | ☐Accounting | ☐Other Property: | ☐No Children | ☐Enforcement/Modification |
| | ☐Legal | | | ☐Paternity |
| *Foreclosure* | ☐Medical | | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional Liability: | | | ☐Support Order |
| ☐Other Foreclosure | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | ☐Motor Vehicle Accident | ☐Expunction | ☐Enforce Foreign Judgment | ☐Adoption/Adoption with Termination |
| ☐Insurance | ☐Premises | ☐Judgment Nisi | ☐Habeas Corpus | ☐Child Protection |
| ☐Landlord/Tenant | *Product Liability* | ☐Non-Disclosure | ☐Name Change | ☐Child Support |
| ☐Non-Competition | ☐Asbestos/Silica | ☐Seizure/Forfeiture | ☐Protective Order | ☐Custody or Visitation |
| ☐Partnership | ☐Other Product Liability List Product: | ☐Writ of Habeas Corpus— Pre-indictment | ☐Removal of Disabilities of Minority | ☐Gestational Parenting |
| ☐Other Contract: | | ☐Other: | ☐Other: | ☐Grandparent Access |
| | ☐Other Injury or Damage: | | | ☐Parentage/Paternity |
| | | | | ☐Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☐Other Parent-Child: |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☐Retaliation | ☐Antitrust/Unfair Competition | ☐Perpetuate Testimony | | |
| ☐Termination | ☐Code Violations | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Foreign Judgment | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Intellectual Property | ☐Other: | | |

| **Tax** | ***Probate & Mental Health*** | |
|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health |
| | ☐Other Estate Proceedings | ☐Other: _____ |

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐Appeal from Municipal or Justice Court    ☐Declaratory Judgment    ☐Prejudgment Remedy
☐Arbitration-related    ☐Garnishment    ☐Protective Order
☐Attachment    ☐Interpleader    ☐Receiver
☐Bill of Review    ☐License    ☐Sequestration
☐Certiorari    ☐Mandamus    ☐Temporary Restraining Order/Injunction
☐Class Action    ☐Post-judgment    ☐Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

471-02859-2020

# Affidavit of Process Server

## STATE OF TEXAS

FILED 2020 JUL -1 PM 2:48
LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY _A Rogers_ DEPUTY

| KELLI CHRISTINA | VS | BRAD PITT, ET AL. | 471-02859-2020 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

KEVIN S. DUNN being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service. RECEIVED 06/19/2020

**Service:** I served MAKE-IT-RIGHT FOUNDATION
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) CIVIL CITATION; PLAINTIFF'S ORIGINAL PETITION;

by leaving with LYNANNE GARES — MANAGING AGENT At
NAME — RELATIONSHIP

☐ Residence
ADDRESS — CITY / STATE

☒ Business C/O CORPORATION SERVICE COMPANY, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808
ADDRESS — CITY / STATE

On 06/19/2020 AT 1:45 PM
DATE — TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
DATE

from_____
CITY STATE ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of_____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Canceled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE TIME DATE TIME

(3)_____ (4)_____ (5)_____
DATE TIME DATE TIME DATE TIME

Age -45- Sex FEMALE Race WHITE Height 5'5 Weight 180 HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 19TH day of JUNE ,2020.

_____
SIGNATURE OF NOTARY PUBLIC

DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 1, 2022

NOTARY PUBLIC for the state of DELAWARE

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.471-02859-2020

Served 6/19/2020
at 1:45 pm
By: Ken S- [illegible]
145

Kelli Christina vs. Brad Pitt, Make-It-Right Foundation, ET AL

In the 471st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Make-It-Right Foundation
By Serving It's Registered Agent: Corporation Service Company
251 Little Falls Drive
Wilmington DE 19808, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 471st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Kelli Christina 6400 Windcrest Drive #522 Plano TX 75024, on June 12, 2020, in this case, numbered 471-02859-2020 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 12th day of June, 2020.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Kathy Richardson

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**