# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KELLI CHRISTINA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 4:20-CV-00534-SDJ-CAN |
| BRAD PITT, MAKE-IT-RIGHT | § | |
| FOUNDATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

## JOINT REPORT OF RULE 26(F) CONFERENCE

Pursuant to the Court's July 15, 2020 Order Governing Proceedings, along with Federal Rules of Civil Procedure 16(b) and 26(f), Plaintiff Kelli Christina ("Plaintiff") and Defendants Brad Pitt ("Mr. Pitt"); Make It Right Foundation ("Make It Right"); Make It Right – New Orleans Housing, LLC ("Make It Right Housing"); Make It Right NMTC, LLC ("Make It Right NMTC"); and Make It Right – Solar, Inc. ("Make It Right – Solar") (collectively, "Defendants" and, together with Plaintiff, the "Parties"),[1] submit their Joint Report of Rule 26(f) Conference (the "Report") as follows:

**1.    A brief factual and legal synopsis of the case.**

<u>Plaintiff's Contentions</u>:

This case arises from Defendants' breach of an agreement between Plaintiff and Defendants (hereinafter the "Agreement").  In 2018, Plaintiff Kelli Christina was approached by Brad Pitt for the purposes of raising funds for the Make It Right Foundation's charitable cause to

---

[1] By joining in this Report, Defendants do not waive their right to contest the Court's personal jurisdiction over them and, in fact, expressly reserve such right.

benefit victims of Hurricane Katrina.  Kelli Christina was persuaded by Brad Pitt's presentation of the allegedly meritorious cause.  The Agreement provided that Plaintiff would organize and market to the general public for the purpose of raising funds on behalf of Make It Right Foundation's charitable cause wherein Brad Pitt would make an appearance in exchange for a fee which Plaintiff paid.  Brad Pitt's appearance at the events was the key to the events, donations to be made by attendees and was part of the agreement between Plaintiffs and Defendants.  It was also agreed that in exchange for Brad Pitt's appearance at the fund-raising events organized by Plaintiffs, Brad Pitt would receive payment per appearance at the events.

On five different occasions, Brad Pitt failed to make an appearance at scheduled events despite having received payment for his appearance and for travel expenses.  Defendants and their representatives made assurances that his [Brad Pitt] failure(s) to show up at the events were due to unpredictable circumstances.  Each time Defendants and/or their representatives made assurances that Brad Pitt would make an appearance at Plaintiff's next fund-raising event.   Brad Pitt never made an appearance at any of the fund-raising events organized by Plaintiff.

Plaintiff notified Defendants of the numerous Facebook, Instagram, Whatsapp, Hangouts, phone lines and email accounts alleging to be Brad Pitt with the understanding that Defendants would take action to protect the name and reputation of Brad Pitt and of the Make it Right Foundation.  Specifically, Plaintiff had telephone and e-mail communications with Marian Cooper, Director, Human Resources and James Mazzuto, Executive Director at the Make it Right Foundation.  On September 12, 2018, in response to Plaintiff's e-mails, Marian Cooper stated "Kelli, keep the faith, you have a good heart and it will never go un-rewarded."  Rather than taking action to protect Defendants' name and reputation based on the information provided by Plaintiff, Defendants were wholly indifferent continuing to do business as usual.  In short, Marian Cooper

or James Mazzuto never made any efforts to remedy Plaintiff's legitimate complaints. Defendants' neglect to conduct a thorough investigation and take appropriate action to protect their name and reputation proximately caused injury to Plaintiff and to other individuals who legitimately believed they were helping Defendants' cause to help people in dire need of assistance. Defendants' negligence in protecting donors to their charitable organization from being defrauded contravenes the organization's purpose.

Defendants committed negligent misrepresentation by misrepresenting the nature and degree of their relationship with each other and the substance and material terms of the Agreement. Defendants' negligence in managing their operations proximately caused Plaintiff to suffer severe mental anguish and loss of reputation.

Plaintiff disputes, Defendants' contentions that "*Following receipt of the letter, Mr. Pitt's attorney called Plaintiff to advise her that she was mistaken as to her belief that she and Mr. Pitt had engaged in any communications regarding the Make It Right entities or otherwise.*" Plaintiff did not receive any calls from Mr. Pitt's attorney regarding the March 2020 demand letter. The March 2020 demand letter specified that a lawsuit would be forthcoming if a resolution could not be reached. This lawsuit is a direct result Defendants indifference to Plaintiff's demands.

In August 2018, Texas banks requested the Plaintiff to call Make It Right and Brad Pitt about donation accounts. Marian Cooper the Director of Human Resources communicated on the phone and via email. Marian told me [Plaintiff]] all information provided by Plaintiff was going to Brad Pitt and appropriate decision makers of Make It Right. The only subject matter Marian Cooper was able to confirm was that the foundation accounts for Make It Right were shut down. Despite Marian Cooper being Director, Human Resources, she lacked the most basic knowledge or understanding of the urgency relevant to the issues raised which are the subject of

this litigation. Plaintiff provided Marian Cooper with valuable information about "fake Brad Pitt" collections which is crucial to this case. Plaintiff has produced Defendants' counsel all relevant documents in her possession. Within the documents produced there is ample evidence including, e-mails, text messages, photographs, between Plaintiff and Defendants to support Plaintiff's claims.

Defendants' Contentions:

Defendants deny Plaintiff's claims in their entirety and further deny any and all liability to Plaintiff. Mr. Pitt has never met or had any contact with Plaintiff. Therefore, contrary to Plaintiff's allegations, Mr. Pitt did not reach out to Plaintiff about raising funds for the Make It Right Foundation, nor did he enter into any "agreement" with Plaintiff or otherwise agree to appear at any fundraising events, whether directly or through a representative. Likewise, the Make It Right entities have never entered into an agreement with or accepted or solicited donations or funds of any sort from Plaintiff (or from her affiliated business). Indeed, the Make It Right entities were neither soliciting nor accepting donations from any third party as of 2018, the year Plaintiff contends she was approached to make a contribution.

Moreover, in the course of email correspondence Plaintiff sent to Make It Right Foundation's Director of Human Resources between September 2018 and May 2019, Plaintiff stated that she had been the victim of "fraudulent accounts" posing as "fake Brad Pitts" who had requested, among other things, that Plaintiff send "donations" to private bank accounts in the name of persons not named Brad Pitt. From her earliest communications with Plaintiff, Make It Right Foundation's Director of Human Resources confirmed to Plaintiff that the fraudulent accounts were "imposters" and not affiliated with the Make It Right entities or Mr. Pitt. Notwithstanding her explicit acknowledgement that she had been misled by persons other than Mr. Pitt, Plaintiff

sent a "demand letter" in March 2020 to the Make It Right entities and Mr. Pitt, generally setting forth the allegations contained in Plaintiff's Original Petition.  Following receipt of the letter, Mr. Pitt's attorney called Plaintiff on April 28, 2020 to advise her that she was mistaken as to her belief that she and Mr. Pitt had engaged in any communications regarding the Make It Right entities or otherwise, and reiterated that point for Plaintiff on May 5, 2020, when he returned a telephone call from her.  Nonetheless, Plaintiff filed this lawsuit.

When Plaintiff communicated with Make It Right Foundation's Director of Human Resources in 2018 and 2019, she made no mention of an alleged agreement with any of the Defendants, nor did she mention any agreement by Mr. Pitt that he would appear at fundraising events.  Yet these allegations feature prominently in Plaintiff's Original Petition.

In sum, it appears that the "fraudulent accounts" referenced in Plaintiff's emails made the representations to Plaintiff, and that she knew at the time that they were suspect.  Nonetheless, Plaintiff now alleges that the representations were made by Defendants.  Any such fraudulent accounts have no connection with or authority to speak on behalf of any of the Defendants.  Thus, Defendants are not liable for representations made by others to Plaintiff (to the extent such representations were made); nor are Defendants liable for the evolving claims about fund-raising events in which they had no involvement.

2. **The jurisdictional basis for this suit.**

Defendants removed this case from state court alleging subject-matter jurisdiction is proper pursuant 28 U.S.C. § 1332 (diversity of citizenship and amount in controversy).

Plaintiff has filed a motion to remand with this court asserting that her causes of action are based on Texas law and therefore it belongs in state court.  Pending the court's ruling on Plaintiff's

Motion to Remand, Plaintiff disputes Defendants' contention as it relates to diversity of citizenship and amount in controversy.

**3.     A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Plaintiff: Kelli Christina

Defendants: William Bradley Pitt; Make It Right Foundation; Make It Right – New Orleans Housing, LLC; Make It Right NMTC, LLC; and Make It Right – Solar, Inc.

The Parties do not anticipate the joinder of any additional parties at this time.

**4.     A list of any cases related to this action pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

**5.     Confirm that initial mandatory disclosure required by Rule 26(a)(1) and the Court's Order Governing Proceedings has been completed.**

The Parties anticipate exchanging initial mandatory disclosures on or before the August 14, 2020 deadline set forth in the Court's Order Governing Proceedings.

**6.     Proposed scheduling order deadlines.**

As further explained below, Defendants anticipate moving to dismiss this case for lack of personal jurisdiction and, in the alternative, Plaintiff's failure to state a claim upon which relief can be granted.  Defendants anticipate their motions to dismiss will dispose of this case in its entirety.  However, in the event that the case is not dismissed, the Parties request that each of the deadlines set forth in the Court's standard scheduling order be extended ninety (90) days to allow the Court sufficient time to rule on the motions to dismiss and, if necessary, Defendants' summary

judgment motions. Further, this additional time will allow the Parties sufficient time to conduct discovery (if necessary) in light of the ongoing COVID-19 pandemic and the Parties' locations in different states.

Plaintiff has filed a Motion to Remand this case to State court which may relieve this court of presiding over this case. However, in the event that the case is not remanded, Plaintiff agrees with the standard scheduling order. Plaintiff asserts that she has produced all documents in her possession that are relevant to this case. As such, Plaintiff believes a 90 day extension of the deadlines set forth in the Court's standard scheduling order is not necessary.

7. **Describe in accordance with Rule 26(f):**

   (a) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff anticipates conducting discovery related to her claims asserted in this lawsuit.

Defendants anticipate conducting discovery related to Plaintiff's claims asserted against them in this lawsuit, Plaintiff's alleged damages, and Defendants' defenses to Plaintiff's claims. Defendants request that discovery be stayed pending the Court's ruling on Defendants' anticipated motions to dismiss, or pending Defendants' filing of an answer in this case.

The Parties agree that discovery can be completed by May 19, 2021.

   (b) **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the**

> **parties are unable to resolve during conference must be identified in the report.**

The Parties are not aware of any issues relating to disclosure or discovery of ESI at this time.

> **(c)   Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order.  Unless a request is made for modification, the court will use the form found on the Eastern District website.**

At this time, there are no agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and agreements under Federal Rule of Evidence 502.  The Parties will follow the general procedures set forth in Federal Rule of Civil Procedure 26(b)(5) regarding the assertion of claims of privilege.  Defendants anticipate seeking a Protective Order related to documents likely to be sought by Plaintiff and produced in this case.

> **(d)   Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

The Parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal or Local Rules.

**(e) Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)**

As further discussed below, Defendants request that the Court stay discovery in this case pending its ruling on Defendants' anticipated motions to dismiss, or pending Defendants' filing of an answer in this case. The Parties do not believe any other orders are necessary at this time.

**8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon**.

The Parties have formally discussed settlement. Plaintiff made an initial settlement demand, which Defendants recently rejected. The Parties will discuss possible mediators and believe that mediation should occur after the discovery deadline.

**9. The identity of persons expected to be deposed.**

Plaintiff anticipates deposing Mr. Pitt.

Defendants anticipate deposing Plaintiff, any material witnesses identified by Plaintiff in her disclosures and discovery responses, and any expert witnesses designated by Plaintiff.

**10. Estimated trial time and whether a jury demand has been timely made.**

The Parties anticipate that trial of this matter will take three (3) days. No jury demand has been made.

**11.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be the lead attorney and have full authority to bind the client).**

Plaintiff is appearing *pro se* and will represent herself.

Paul Coggins and Jennifer McCoy of Locke Lord LLP will appear on behalf of Defendants.

**12.     Whether the parties jointly consent to trial before a magistrate judge.**

The Parties consent to trial before a magistrate judge.

**13.     Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

Defendants join in this Report subject to their objections to the Court's personal jurisdiction over them.  Defendants anticipate moving to dismiss this lawsuit for lack of personal jurisdiction and, in the alternative, Plaintiff's failure to state a claim upon which relief can be granted.  Defendants anticipate that their motions to dismiss will dispose of this case in its entirety and, thus, alleviate the need for discovery.  Defendants, therefore, request that discovery be stayed pending the Court's ruling on Defendants' anticipated motions to dismiss, or pending Defendants' filing of an answer in this case.  Defendants anticipate filing a motion to stay discovery simultaneously with their motions to dismiss.

Respectfully submitted,

 /s/ Kelli Christina (w/ permission JMM)
Kelli Christina
6400 Windcrest Drive, Suite 522
Plano, Texas 75024
kelli.kdstaffing@gmail.com

**PRO SE PLAINTIFF**

 /s/ Paul E. Coggins
Paul E. Coggins
  Texas Bar No. 04504700
  pcoggins@lockelord.com
Jennifer M. McCoy
  Texas Bar No. 24089805
  jennifer.mccoy@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANTS**