**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| KELLI CHRISTINA, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:20-CV-00534-CAN |
| v. | § | |
| | § | |
| BRAD PITT, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Kelli Christina's Motion to Remand [Dkt. 11].  On September 3, 2020, the undersigned conducted a hearing and heard argument from the Parties on the Motion.  Having considered the relevant pleadings, including the Motion to Remand [Dkt. 11], Defendants' Response [Dkt. 13], Plaintiff's Reply [Dkt. 15], as well as the Parties' arguments at hearing, the Court concludes Plaintiff's Motion to Remand [Dkt. 11] should be **DENIED**.

### RELEVANT BACKGROUND

Plaintiff Kelli Christina ("Plaintiff"), a Texas resident, originally filed this action in the 471st Judicial District Court in Collin County, Texas, on June 12, 2020, asserting claims for breach of contract, fraud, fraudulent inducement, conspiracy to commit fraud, negligent misrepresentation, and unjust enrichment [Dkt. 1-3 at 5, 11-16; 5 at 1, 7-11; 11 at 1].  Plaintiff's original petition seeks "monetary relief over $100,000" [Dkts. 1-3 at 16; 5 at 12].[1]  Defendant Make it Right Foundation was served on June 19, 2020, but it appears no other defendant has been served [Dkt. 1 at 2].  On July 13, 2020, Defendants Brad Pitt, Make it Right Foundation, Make it Right NMTC, LLC, and Make it Right-Solar, Inc. (collectively, "Defendants") timely filed a Notice of Removal, removing the case to the Eastern District of Texas [Dkt. 1].  *See* 28 U.S.C. §

---

[1] Plaintiff has not filed an amended complaint since removal.

1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]").  In the Notice of Removal, Defendants allege Brad Pitt is a natural person who is domiciled and resides in California [Dkt. 1 at 2], Make it Right Foundation and Make it Right-Solar are each corporations incorporated in Delaware with their principal place of business in Louisiana [Dkt. 1 at 3], and Make it Right NMTC is a limited liability company with Make it Right as its sole member [Dkt. 1 at 3].

On August 5, 2020, Plaintiff timely filed the instant Motion to Remand, arguing the case should be remanded to state court because she does not assert a federal cause of action and because Texas has general personal jurisdiction over Defendants [Dkt. 11].  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of a notice of removal under section 1446(a).").  Defendants filed a Response on August 14, 2020 [Dkt. 13], and Plaintiff a Reply on August 30, 2020 [Dkt. 15].  The Court held a videoconference hearing on Plaintiff's Motion to Remand on September 3, 2020 [Dkt. 19].  Thereafter, United States District Court Judge Sean D. Jordan entered an Order of Reference, referring this case to the undersigned for any and all further proceedings, including trial, entry of final judgment, and all post-judgment hearings, in accordance with 28 U.S.C. § 636(c) and the consent of the Parties [Dkt. 22].

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  28 U.S.C. § 1441(a), the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the

underlying state action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a).  District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," *or* over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332.  "Courts construe removal statutes strictly against removal and in favor of remand."  *Robinson v. Texas*, No. 4:18-CV-0066-ALM-CAN, 2018 WL 4630207, at *3 (E.D. Tex. Mar. 6, 2018) (quoting *Cramer v. Logistics Co.*, No. EP-13-CV-333-KC, 2014 WL 652319, at *1 (W.D. Tex. Feb. 19, 2014)), *report and recommendation adopted*, No. 4:18-CV-66, 2018 WL 4057192 (E.D. Tex. Aug. 27, 2018).  In an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  "Complete diversity requires only that all persons on one side of the controversy be citizens of different states than all persons on the other side."  *Ocwen Loan Servicing, LLC v. Heiberg*, No. 4:17-CV-690, 2020 WL 3263643, at *2 (E.D. Tex. June 17, 2020) (quoting *Xome Settlement Servs., LLC v. Certain Underwriters at Lloyd's, London*, 384 F. Supp. 3d 697, 699 (E.D. Tex. 2019)) (internal quotations marks and alterations omitted).

## ANALYSIS

Plaintiff advances two central arguments in favor of remand.  First, Plaintiff argues the case should be remanded because she does not assert a federal cause of action [Dkt. 11 at 2].  Second, Plaintiff argues the case should be remanded because Texas has general personal jurisdiction over Defendants because they do business in Texas [Dkt. 11 at 4].  In their Response, Defendants argue

federal question is irrelevant because Defendants removed this case to federal court on the basis of diversity jurisdiction [Dkt. 13 at 1]. Defendants further argue that Plaintiff "mistakenly applies the concept of 'purposeful availment' in the personal jurisdiction context to argue that defendants have Texas citizenship in the subject matter jurisdiction context" [Dkt. 13 at 2]. Finally, Defendants argue that complete diversity exists because it is undisputed that Plaintiff is a resident of Texas and Defendants are residents of California, Delaware, and Louisiana [Dkt. 13 at 4-5], and that no Party disputes that the amount in controversy is over $75,000.00 [Dkts. 11 at 2; 13 at 5]. In Reply, Plaintiff argues that Defendants are attempting to circumvent the "well established doctrine that a plaintiff is the master of its well-pleaded complaint" and requests the Court order Defendants to file an answer if the Court denies her Motion to Remand [Dkt. 15 at 1].[2]

Plaintiff's arguments regarding remand are unavailing; Defendants properly removed this case to the Eastern District of Texas. Plaintiff mistakenly asserts that the case must be remanded because she does not assert a federal cause of action in her live pleading. Although a district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, a district court also has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Thus, federal question is not the only basis for removal to federal court. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing

---

[2] As the Court outlined in the September 3, 2020 hearing, Plaintiff is afforded the opportunity file an amended complaint on or before September 17, 2020 [Dkt. 19]. Thereafter, Defendants may file a responsive pleading. To the extent Plaintiff continues to seek this relief despite her forthcoming amended complaint, such request is denied as moot at this juncture.

the place where such action is pending.")); *Kinnie v. Freedom Mortgage Corp.*, No. SA-20-CV-178-XR, 2020 WL 1284831, at *1 (W.D. Tex. Mar. 17, 2020) ("There are two bases of removal relevant here: diversity jurisdiction under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331.").  Here, as confirmed at hearing, it is undisputed that Defendants elected to remove this case solely based on diversity jurisdiction.  Thus, Plaintiff's argument that this case should be remanded because she did not assert a federal cause of action is without merit.

Plaintiff next advances the case should be remanded because Texas has general personal jurisdiction over Defendants because they do business in Texas [Dkt. 11 at 4].  Plaintiff mistakenly conflates purposeful availment in the personal-jurisdiction context with citizenship in the subject-matter jurisdiction context.   Personal jurisdiction and subject-matter jurisdiction are distinct concepts, and "one has no bearing on the other."  *Delay v. Household Fin. Corp., III*, No. A-14-CA-064-SS, 2014 WL 1117034, at *1 (W.D. Tex. Mar. 20, 2014) (citing *Johnlewis v. U.S. Bank Nat'l Ass'n*, No. H–12–3360, 2013 WL 655808, at *4 (S.D. Tex. Feb. 21, 2013)).  Thus, Plaintiff's argument regarding general personal jurisdiction is immaterial to whether Defendants properly removed this case to federal court.  *See Magnuson v. Bourgeois*, No. 4:13CV412, 2013 WL 12438845, at *2 (E.D. Tex. Nov. 13, 2013), *report and recommendation adopted*, No. 4:13CV412, 2014 WL 12924461 (E.D. Tex. Mar. 28, 2014).

More pertinently, removal in this case was proper because there is complete diversity.  "For purposes of determining individual citizenship or domicile, domicile requires residence in a state and an intent to remain in the state."  *Hopkins & Raines, Inc. v. Lakeland Motors*, No. 5:14CV110, 2014 WL 12690752, at *2 (E.D. Tex. Dec. 1, 2014) (citing *Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 793, 800 (5th Cir. 2007)).  As the Parties confirmed at the September 3, 2020 hearing and in their pleadings [Dkts. 1 at 2; 1-3 at 5-6; 5 at 1-2; 13 at 4], Plaintiff is an

individual who resides in Texas, and Defendant Brad Pitt is an individual who resides in California. Next, it is undisputed that Defendants Make it Right Foundation and Make it Right-Solar are each corporations.  A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"  28 U.S.C. § 1332(c)(1).  As the Parties further confirmed at the September 3, 2020 hearing and in their pleadings [Dkts. 1 at 3; 1-3 at 6; 5 at 2; 13 at 4-5], Defendants Make it Right Foundation and Make it Right-Solar are each corporations that were incorporated in Delaware and maintain their principal place of business in Louisiana.  Finally, it is undisputed that Defendant Make it Right NMTC is a limited liability company with Make it Right serving as its sole member. "The citizenship of a limited liability company ("LLC") is based on the citizenship of the LLC's members." *Harris v. BMW of N. Am., LLC*, No. 4:19-CV-00016, 2019 WL 4861379, at *3 (E.D. Tex. Oct. 2, 2019) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)). As the Parties further confirmed at the September 3, 2020 hearing and in their pleadings [Dkt. 1 at 3; 1-3 at 6; 5 at 2; 13 at 5], Defendant Make it Right NMTC is a citizen of both Delaware and Louisiana because its sole member, Make it Right, was incorporated in Delaware and maintains its principal place of business in Louisiana.[3]

A defendant can sustain its burden for diversity jurisdiction when a plaintiff has not controverted the defendant's allegation regarding citizenship.  *Magnuson*, 2013 WL 12438845, at *2.  Plaintiff does not dispute that she is a citizen of Texas or that Defendants are citizens of California, Delaware, and Louisiana.  Furthermore, the Parties, as confirmed during the September

---

[3] Make it Right – New Orleans Housing, LLC was listed in the body of Plaintiff's Original Petition [Dkt. 1-3 at 5] but has not otherwise made a formal appearance in this action.  Make it Right – New Orleans Housing, LLC, however, joined in Defendants' Response to the instant Motion to Remand [Dkt. 13].  It is also undisputed that Make it Right – New Orleans Housing, LLC is a citizen of both Delaware and Louisiana because Make it Right is its sole member [Dkt. 13 at 5].  Whether Plaintiff indeed intends to assert claims against Make it Right – New Orleans, LLC should be clarified in her forthcoming amended complaint.  Notwithstanding, Make it Right – New Orleans, LLC does not destroy complete diversity by appearing.

3, 2020 hearing, do not dispute the amount in controversy exceeds $75,000.00 [Dkts. 1-3 at 16; 11 at 2]. *See* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"). Thus, complete diversity exists, and removal was proper. *See Heiberg*, 2020 WL 3263643, at *2. Plaintiff does not provide a meritorious basis for remand, and her request to return to state court should be rejected.

## CONCLUSION

Based on the foregoing, Plaintiff Kelli Christina's Motion to Remand [Dkt. 11] is hereby **DENIED**.

**SIGNED this 14th day of September, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE