

IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELLI CHRISTINA<br>Plaintiff<br><br>v<br><br>BRAD PITT, ET AL.,<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:20-CV-00534-SDJ-<br>CAN |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Kelli Christina (hereinafter "Plaintiff"), files this First Amended Complaint against Defendants Brad Pitt ("Mr. Pitt"); Make it Right Foundation ("Make it Right"); Make it Right NMTC, LLC ("Make it Right NMTC"); and Make it Right-Solar, Inc. ("Make it Right-Solar") (collectively, "Defendants") and in support show the Court the following:

### INTRODUCTION

1. Plaintiff, Kelli Christina filed this lawsuit in the 471st Judicial District Court of Collin County, Texas. Defendants' counsel then removed the case on basis of diversity of jurisdiction and on the basis that Plaintiff seeks monetary relief over $100,000 in the original petition. Plaintiff filed a motion to remand the case to state court where it was originally filed.

2. Pursuant to the September 3, 2020 conference call with the Court and Defendants' counsel this amended petition is filed with the court's consent and Defendants' counsel's agreement to accept service on behalf of all named Defendants.

3. At all relevant times, each Defendant was an agent of the other Defendants. In committing the acts alleged herein, Defendants acted within the scope of their agency and were acting with the consent, permission, authorization and knowledge of the other respective Defendant, and perpetrated and/or conspired to or aided and abetted the unlawful acts described

herein. All actions of the Defendants alleged herein were ratified and approved by the other respective Defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 42 U.S.C. §§ 1983 and USC §§ 1331, 1343, 2201, and 2202.

## NATURE OF THE CASE AND STATEMENT OF FACTS

5. Plaintiff Kelli Christina provided valuable services to directly Brad Pitt and to the Make-it-Right Foundation beginning in 2018 in furtherance of Defendants' claimed charities including their efforts to assist victims of Hurricane Katrina.

6. The Make It Right Foundation was incorporated as a Delaware non-profit organization to assist in the sustainable redevelopment of New Orleans' Lower Ninth Ward following the devastation of that area after Hurricane Katrina. Affiliated with the non-profit Foundation are two additional *for profit* limited liabilities companies, Make It Right-Solar, Inc. and Make It Right NMTC, LLC.

7. Defendant Brad Pitt is the founder and director of Make It Right Foundation. As such, he has held and continues to hold positions of authority, control, and management over the affiliated Make It Right subsidiaries. Brad Pitt has publicly acknowledged that he made promises to the residents of the Lower Ninth Ward to help them rebuild. Brad Pitt claimed personal credit for the rebuilding and effort and Brad Pitt benefitted from the significant free publicity he received. Brad Pitt gladly accepted responsibility for his personal participation when the publicity was favorable.

8. In 2018, Plaintiff Kelli Christina was approached by Brad Pitt for the purposes of raising funds for the Make It Right Foundation's charitable cause to benefit victims of Hurricane Katrina. Kelli Christina was persuaded by Brad Pitt's presentation of the allegedly meritorious cause. Plaintiff and Brad Pitt as founder and director of the Make It Right Foundation entered into a business agreement with specific terms and conditions. (hereinafter the "Agreement"). On the one hand, Plaintiff would organize and market to the general public for the purpose of raising funds for Make It Right Foundation's charitable cause wherein Brad Pitt would make an appearance. Brad Pitt's appearance at the events was key to the events, donations to be made by attendees and was part of the agreement between Plaintiff and Defendants. It was also agreed that in exchange for Brad Pitt's appearance at the fund-raising events organized by Plaintiff, Brad Pitt would receive payment for each of his appearances at the scheduled events. Accordingly. Plaintiff organized, promoted, and marketed fund-raising events pursuant to the Agreement. Plaintiff made payments to Defendants of forty-thousand dollars ($40,000) with the understanding that Brad Pitt would make an appearance at the fund-raising events.

9. Unbeknownst to Plaintiff, Defendants crafted a scheme to defraud Plaintiff, Brad Pitt's own fanbase, under the guise that the payment(s) made for Brad Pitt's appearance at fund-raising events organized by Plaintiff and the proceeds raised at the events were to be administered by the Make-It-Right Foundation and ultimately distributed to the victims of Hurricane Katrina in New Orleans, Louisiana.

10. On five different occasions, Brad Pitt failed to make an appearance as scheduled events despite having received payment for his appearance and travel expenses. Defendants and/or their representatives made assurances that his failure(s) to show up at the events were due to unpredictable circumstances. Each and every time Defendants and/or their representatives also made assurances that Brad Pitt would make an appearance at Plaintiff' fund-raising events at a later

3

time. Brad Pitt never made an appearance at any of the fund-raising events organized by Plaintiff per the Agreement.

11. Payments made by Plaintiff to Defendants were made to different bank accounts Defendants owned in different banks.

12. Importantly, it is also unclear that any proceeds were distributed to victims of Hurricane Katrina in New Orleans, Louisiana. Defendants have been sued by homeowners in New Orleans for fraudulent acts and/or omissions related to the homes that Defendants built using millions of donations from the general public and the government.

13. Specifically to this case, Defendants were previously put on notice of Plaintiff' claims. After Brad Pitt fourth failure to make an appearance, Kelli Christina sent a notice letter to Defendants requesting a refund of the payments made to Defendants for failure to make appearances at the fund-raising events organized by Plaintiff pursuant to the Agreement. Plaintiff' request for a refund was wholly ignored.

14. Shortly after Plaintiff was approached by Brad Pitt regarding the charitable cause, in addition to the business relationship, a personal relationship began to develop between Kelli Christina and Brad Pitt to a degree that there were discussions of marriage between the two. During this same period, Kelli Christina made payments to Defendants totaling $40,000. After Brad Pitt failed to make an appearance for the fifth time at the scheduled fund-raising events, Plaintiff stopped sending payments to Defendants. Once the payments stopped, the personal relationship between Brad Pitt and Kelli Christina quickly dissipated and it immediately became impossible to contact Brad Pitt or the Make It Right Foundation to discuss a refund of the funds Defendants had received.

15. All conditions precedent to Plaintiff's and Defendants' Agreement have been satisfied and met by Plaintiff.

## CAUSES OF ACTION

A.     **BREACH OF CONTRACT.**

16.     Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

17.     Kelli Christina is a legitimate owner of a successful medical professionals recruiting company, KD-Staffing, LLC. Kelli Christina makes it a point to contribute to charitable causes. In that spirit, Kelli Christina entered into an Agreement with Defendants to organize charitable fund-raising events. The Agreement also required Kelli Christina to pay for costs and travel expenses incurred in preparing for, and to attend the fund-raising events to speak to the events' attendees. Defendants breached the Agreement by failing to perform their contractual obligations causing Plaintiff to suffer injury as a result of Defendants' breach.

18.     The elements of a breach of contract cause of action in Texas are satisfied because:

    a.     Plaintiff entered into a valid agreement with Defendants;
    b.     Plaintiff is a proper party to sue;
    c.     Plaintiff tendered performance pursuant to the Agreement;
    d.     Defendants breached the Agreement; and
    e.     Plaintiff suffered injury as a result of defendants' breach.

*See Foley v. Daniel* 346 S.W.3d 687, 690 (Tex.App.-El Paso 2009, no pet.). *See also B&W Sup. V. Beckman,* 305 S.W.3d 10, 16 (Tex.App.-Houston [1st Dist.] 2009, pet denied).

19.     As stated above, Plaintiff performed and satisfied her obligations under the Agreement by 1) organizing, marketing and hosting the fund-raising events; and 2) making payments to cover Brad Pitt's travel costs and expenses to ensure Brad Pitt's appearance at the events. Defendants breached the terms of the Agreement when Brad Pitt failed to make an appearance at any of the fund-raising events as contracted despite having received payment.

20.     Kelli Christina, sues Defendants for injury and resulting damages sustained as a result of Defendants' breach of contract.

21. Defendants have failed to repay the payment(s) made by Plaintiff to Defendants over a two-year period totaling $40,000. Plaintiff seeks compensation for damages associated with Defendants breach of contract for failure to perform and satisfy Defendants' obligations under the Agreement by failing perform their duties under the Agreement. Defendants actions and/or inactions in its mismanagement of the foundation and Brad Pitt's failure to appear at the events constitute a breach of the Agreement.

22. Plaintiff performed all obligations required of her under the Agreement. Defendants have failed and refuse to pay the $40,000 owed to her. As a result of Defendants' breaches, Plaintiff has suffered from actual and proximate damages. Under present information and belief, neither Brad Pitt nor the Make-It-Right Foundation ever intended to meet their obligations and simply used Plaintiff for their selfish financial interests.

**B. FRAUD.**

23. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

24. Under Texas law, fraud is a viable cause of action if:

> (1) the defendant made a material representation that was false;
> (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge
> e of its truth;
> (3) the defendant intended to induce the plaintiff to act upon the representation; and
> (4) the plaintiff actually and justifiably relied on the representation, which caused the injury.

*See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

25. Defendants committed fraud. Defendants misrepresented to Plaintiff the nature and degree of their relationship with each other and the substance and material terms of the Agreement. The representations were material. Defendants' representations to Plaintiff were false. Defendants made the representations knowing they were false, or, alternatively, recklessly as a positive

assertion and without knowledge of the truth. Defendants intended for Plaintiff to rely on and had reason to expect Plaintiff would act in reliance on the false representations. Defendants received $40,000 over a two-year period for their benefit, never intending to provide any consideration to Plaintiff, but rather intending to take advantage of lucrative economic situations for themselves. Defendants made false material representations to Plaintiff that Brad Pitt would make an appearance at the fund-raising events. Defendants representations directly and proximately caused injury to Plaintiff, which resulted in damages with the jurisdictional limits of this Court.

### C. FRAUDULENT INDUCEMENT.

26. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

27. In the alternative to the other counts, Defendants secured benefits by their breach of duties and fraudulent or negligent misrepresentations to Plaintiff, as well as taking undue advantage of Plaintiff, that it would be unconscionable for Defendants to retain. Defendants have been unjustly enriched in an amount within the jurisdictional limits of this Court.

### D. CONSPIRACY TO COMMIT FRAUD.

28. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein.

29. Brad Pitt together and in a combination with the Make It Right Foundation agreed to defraud Plaintiff and to fraudulently enter into an unconscionable, illegal Agreement by unlawful means. Defendants acted with the intent to harm Plaintiff. Defendants and each of their affiliated entities committed one or more overt acts to accomplish the objective of their agreement. The agreement to defraud by material omissions and misrepresentations proximately caused injury to Plaintiff in an amount within the jurisdictional limits of this Court.

E.  NEGLIGENT MISREPRESENTATION.

30. Plaintiff repeats and incorporates each and every allegation contained above as if set forth herein.

31. In the alternative to the counts above, Defendants committed negligent misrepresentation by misrepresenting the nature and degree of their relationship with each other and the substance and material terms of the Agreement. Defendants made the representations in the course of their business interest. Defendants' representations were misstatements of fact, as well as a failure to disclose information when they had a duty to do so. Defendants did not use reasonable care in communicating the information. Plaintiff justifiably relied on Defendants' representations.

32. Defendants sought out Plaintiff's financial and networking resources, which ultimately benefited Defendants, under the guise that Plaintiff's resources were for the benefit of victims of Hurricane Katrina. Brad. Pitt, as director of Make It Right Foundation, negligently managed the administration of the foundation to Plaintiff's detriment. Any prudent director of a charitable foundation of this magnitude, would have known, or should have had known that the foundation was responsible for ensuring Brad Pitt was present at the fund-raising events he was contracted to appear at.

33. Defendants owed a duty to Plaintiff to perform their contractual obligations under the Agreement and failed to do so.

34. Defendants' breach of their duty to perform their contractual obligations as a result of negligent management of the foundation such as failing to make arrangements for Brad Pitt to appear at scheduled and paid for.

35. Defendants' breach of their duty caused Plaintiff's loss of reputation amongst Plaintiff's business community. Event attendees were discouraged by Brad Pitt's absence at the

events. That loss of confidence by Plaintiff's business network has affected her business opportunities as they are skeptical due to the disappointing experience that Brad Pitt would stand up his and his foundations' supporters at the events organized by Plaintiff. Defendants negligence in managing their operations proximately caused Plaintiff to suffer severe mental anguish, loss of reputation and los of future income.

36. Defendants' misrepresentations proximately caused injury to Plaintiff, which resulted in damages within the jurisdictional limits of this Court.

**F.    UNJUST ENRICHMENT.**

37. Plaintiff repeats and incorporates each and every allegation contained above as if set forth herein.

38. Brad Pitt and Make It Right Foundation obtained a benefit in consequence of their breach of duty to perform their contractual obligations under the Agreement and duty to act with clean hands. Rather, Defendants intentionally and willfully crafted a fraudulent scheme to lure Plaintiff into paying Defendants $40,000 over a period of two years under the guise of providing assistance to victims of Hurricane Katrina. However, Defendants' real intent was to unjustly enriching themselves.

39. Defendants receipt of such benefit constitutes unjust enrichment and each of the Defendants is accountable for the benefit so obtained. Defendants will be unjustly enriched if Defendants are allowed to retain the benefit conferred upon them without performing their obligations under the Agreement.

40. Upon the jury's finding that these Defendants profited with notice of Brad Pitt's wrong, the Defendants are required to disgorge all gains (including consequential gains) derived from the wrongful transaction.

41. Alternatively, in any one or more of these Defendants should obtain a jury finding that its or his benefit from Brad Pitt's breach was unwitting, then it or he is required to disgorge the direct benefit derived from the wrongful transaction but not consequential gains.

## Request for Jury Trial

42. Plaintiff requests a jury trial on the merits of this case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that all Defendants be cited to appear and answer herein and that upon final trial judgment be entered in favor of Plaintiff and against Defendants as follows:

a. Awarding actual damages within the jurisdictional limits of the Court;
b. Awarding pre-judgment and post judgment interest at the lawful rate;
c. Awarding such exemplary damages as the Court may determine;
d. costs of suit;
e. all such other and further relief to which Plaintiff may show herself justly entitled to under law or equity.

Respectfully submitted,

/s/ Kelli Christina

Kelli Christina
6400 Windcrest Drive, Suite 522
Plano, Texas 75024
Kelli.kdstaffing@gmail.com
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2020, a true and correct copy of the foregoing document was served on the following pursuant to the Federal Rules of Civil Procedure.

Paul Coggins
Jennifer McCoy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*Kelli Ann Christina*
Kelli Ann Christina