IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELLI CHRISTINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:20-CV-00534-CAN |
| | § | |
| BRAD PITT, MAKE IT RIGHT | § | |
| FOUNDATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT WILLIAM BRADLEY PITT'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant William Bradley Pitt ("Mr. Pitt")[1] files this Motion to Dismiss the claims brought against him by Plaintiff Kelli Christina ("Plaintiff") because the Court lacks personal jurisdiction over him. Alternatively, should the Court find that it has personal jurisdiction over Mr. Pitt, Mr. Pitt moves the Court to dismiss Plaintiff's First Amended Complaint (the "Complaint"), in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of his motion, Mr. Pitt respectfully shows the Court as follows:

**I.   SUMMARY**

The Court must dismiss Plaintiff's claims against Mr. Pitt for lack of personal jurisdiction. This lawsuit arises out of an alleged agreement between Plaintiff, a Texas resident,

---

[1] Mr. Pitt is named in Plaintiff's First Amended Complaint as Brad Pitt.

**DEFENDANT WILLIAM BRADLEY PITT'S MOTION TO DISMISS AND BRIEF IN SUPPORT - Page 1**

and Mr. Pitt, a California resident.[2] However, Mr. Pitt has never had any communications with Plaintiff, much less entered into an agreement with her, in Texas or elsewhere. Rather, as Plaintiff herself has acknowledged, it appears Plaintiff's communications about any agreement were apparently with one or more individuals unlawfully posing as – but not in any way affiliated with – Mr. Pitt online. Because Mr. Pitt was not a party to the alleged agreement or communications with Plaintiff, any such agreement or communications cannot serve as a basis for personal jurisdiction over Mr. Pitt in this case.

Further, Mr. Pitt is not subject to general jurisdiction in Texas. He does not reside in Texas, own property in Texas, pay taxes in Texas, vote in Texas, maintain business operations in Texas, and has not consented to be sued in Texas; nor does Mr. Pitt have any other contacts with the forum state that would be sufficient to confer personal jurisdiction over him. Thus, the Court lacks personal jurisdiction over Mr. Pitt and must dismiss the claims against him.

If the Court finds, despite Mr. Pitt's lack of contacts with the forum state, that it may exercise jurisdiction over him, the Court should still dismiss Plaintiff's fraud-based claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b). It is well-established that such claims must be pleaded with particularity. However, Plaintiff's Complaint fails to allege the "who, what, when, where, and how" of her claims and, as a result, her claims for fraud, fraudulent inducement, conspiracy to commit fraud, and negligent misrepresentation fail to meet the heightened pleading standard under Rule 9(b) and should be dismissed.

---

[2] In its Memorandum Opinion and Order denying Plaintiff's Motion to Remand, this Court recognized that Mr. Pitt is a resident of Los Angeles County, California. *See* Mem. Op. and Order, ECF No. 24.

**DEFENDANT WILLIAM BRADLEY PITT'S MOTION TO DISMISS AND BRIEF IN SUPPORT - Page 2**

## II. STATEMENT OF THE ISSUES

A.   Whether the Court has personal jurisdiction over Mr. Pitt, a non-resident with no contacts with the forum state.

B.   Whether Plaintiff's fraud-based claims should be dismissed for failure to comply with Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements.

## III. BACKGROUND

A.   **PLAINTIFF'S ALLEGATIONS.**

Plaintiff's claims, as well as the Court's alleged jurisdiction over Mr. Pitt, arise out of an "agreement" Plaintiff alleges she entered with Defendants Make It Right Foundation, Make It Right NMTC, LLC, and Make It Right-Solar, Inc. (collectively, the "Make It Right Entities" and, together with Mr. Pitt, "Defendants"), through Mr. Pitt. *See* Pl.'s First Am. Compl. 3, ¶ 8, ECF No. 25. However, Mr. Pitt never entered into an agreement with Plaintiff.[3] *See* Exhibit A, Declaration of William Bradley Pitt ("Pitt Decl.") at 2, ¶ 9. Indeed, Mr. Pitt has never had any communications or contact with Plaintiff regarding the alleged agreement or any other matter, within the State of Texas or elsewhere. *Id.* at 1, ¶ 7.

Nonetheless, Plaintiff alleges that Mr. Pitt "approached" her through the internet in 2018 to request Plaintiff's assistance in raising funds for the Make It Right Foundation, a charity Mr. Pitt and others founded to benefit victims of Hurricane Katrina (which occurred in Louisiana approximately fifteen years ago). *See* Pl.'s First Am. Compl. 3, ¶ 8, ECF No. 25. Plaintiff alleges that she and Mr. Pitt entered into an agreement providing that Plaintiff would organize fundraising events for the Make It Right Foundation, at which Mr. Pitt would "make an

---

[3] A true and correct copy of Mr. Pitt's Declaration is attached hereto as Exhibit A.

**DEFENDANT WILLIAM BRADLEY PITT'S MOTION TO DISMISS AND BRIEF IN SUPPORT - Page 3**

appearance" in exchange for a fee.  *Id.*  Plaintiff further alleges "a personal relationship began to develop between [herself] and [Mr. Pitt] to a degree that there were [online] discussions of marriage between the two." *Id.* at 4, ¶ 14.

Plaintiff further alleges that Mr. Pitt failed to make an appearance at her events, despite her claims that he received payments from Plaintiff for his appearance and travel expenses.  *Id.* at 3, ¶ 10.  Plaintiff alleges that "Defendants" assured her Mr. Pitt was unable to attend the events due to "unpredictable circumstances," and that Mr. Pitt agreed to make an appearance at the next event – but repeatedly failed to do so.  *Id.* at 3–4, ¶ 10.

**B.     MR. PITT LACKS THE REQUISITE MINIMUM CONTACTS WITH THE FORUM.**

Contrary to Plaintiff's claims, Mr. Pitt has never met or had any contact with Plaintiff. *See* Pitt Decl. at 1, ¶ 7.  Mr. Pitt did not reach out to Plaintiff about raising funds for the Make It Right Entities, nor did he enter into any "agreement" with Plaintiff or otherwise agree to appear at any fundraising events, whether directly or through a representative. *Id.* at 2, ¶¶ 9–10.

Plaintiff's bare allegations appear to form the sole basis for the Court's personal jurisdiction over Mr. Pitt.  Indeed, Mr. Pitt is a resident of Los Angeles County, California, and does not reside in or have substantial contacts with the State of Texas.  *Id.* at 1, ¶¶ 2–6. Plaintiff's Complaint is devoid of any allegations to the contrary (despite Plaintiff amending her Complaint once already).  *See generally* Pl.'s First Am. Compl., ECF No. 25.  Moreover, by Plaintiff's own admissions, the communications she now alleges to have had with Mr. Pitt, which led to the alleged agreement that forms the basis of her claims, were actually between Plaintiff and one or more individuals posing as, in Plaintiff's words, "fake Brad Pitts."  *See, e.g.,* Make It Right Entities' Mot. to Dismiss and Br. In Supp., at its Ex. A ("Mazzuto Decl.") at its

Ex. 1 (true and correct copy of email sent by Plaintiff to Make It Right Foundation's Director of Human Resources in May 2019, following Defendants' alleged execution and breach of the "agreement").

In the emails Plaintiff exchanged with Make It Right Foundation's Director of Human Resources, Plaintiff further stated that she had been the victim of "fraudulent [Brad Pitt] accounts" who requested, among other things, that Plaintiff send "donations" to private bank accounts in the name of persons ***other than*** Brad Pitt or William Bradley Pitt.  *See, e.g., id.* Notably, Plaintiff again admits the accounts she communicated with were "fake Brad Pitt" accounts in the parties' Joint Report of Rule 26(f) Conference.  *See* Parties' Joint Report of Rule 26(f) Conf. 2–4, ECF No. 14.  Thus, Plaintiff's allegations regarding jurisdiction are false, and there is no basis to support the exercise of personal jurisdiction over Mr. Pitt by this Court.

## IV.   ARGUMENTS AND AUTHORITIES

**A.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER MR. PITT.[4]**

1.   Legal Standard

A plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant.  *See, e.g., Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *see also* FED. R. CIV. P. 12(b)(2).  In evaluating the Complaint, the court is **not** required to credit plaintiff's conclusory jurisdictional allegations.  *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).  Moreover, where the facts are disputed, the party seeking to invoke the court's jurisdiction bears the burden of establishing sufficient

---

[4] Jurisdictional arguments should be addressed before nonjurisdictional arguments.  *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding on the merits").

contacts with the forum state by the non-resident defendant. *See, e.g., Allchem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 784 n.6 (S.D. Tex. 2012).

In a diversity suit such as this, personal jurisdiction over a non-resident defendant exists only if "(1) the forum state's long-arm statute confers personal jurisdiction over [the] defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). The Texas long-arm statute extends to the limits of due process. *Id*. (citing TEX. CIV. PRAC. & REM. CODE § 17.042 and *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 417–18 (5th Cir. 1993)). Accordingly, only the due process prong of the inquiry must be addressed. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

> A due process analysis has two elements:
>
> (1) the defendant purposefully must have established minimum contacts with the forum state, invoking the benefits and protections of that state's laws and, therefore, reasonably could anticipate being haled into court there; and
>
> (2) the exercise of personal jurisdiction, under the circumstances, must not offend traditional notions of fair play and substantial justice.

*Command-Aire Corp. v. Ontario Mech. Sales & Serv. Inc.* 963 F.2d 90, 94 (5th Cir. 1992).

The defendant's "minimum contacts" can be established either through contacts that give rise to "general jurisdiction" or to "specific jurisdiction." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also Freudensprung*, 379 F.3d at 343. Under the analysis for either, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1954)).

Because the Court has neither general nor specific personal jurisdiction over Mr. Pitt, this Court must dismiss Plaintiff's claims against him under Rule 12(b)(2).

### 2. The Court Lacks General Jurisdiction over Mr. Pitt

A court may exercise "general" jurisdiction when a non-resident defendant's contacts with the forum state do not arise from the cause of action, but are so "'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018) (quoting *Goodyear*, 564 U.S. at 919). "Establishing general jurisdiction is 'difficult' and requires 'extensive contacts between a defendant and a forum.'" *Sangha*, 882 F.3d at 101–02 (quoting *Johnston*, 523 F.3d at 609).

Here, Plaintiff does not allege that the Court has general jurisdiction over Mr. Pitt. As the Court has recognized, Mr. Pitt is a California resident. *See* Mem. Op. and Order, ECF No. 24; *see also* Pitt Decl. at 1, ¶¶ 2–4. Mr. Pitt does not reside, own property, pay taxes, or vote in Texas; nor has he consented to be sued or otherwise "set up shop" in the state. *Id.* at 1, ¶¶ 5–6. Thus, it is clear that Mr. Pitt does not have "continuous and systematic contacts" with the forum state; and, as a result, the Court does not have general personal jurisdiction over him. *Int'l Shoe*, 326 U.S. at 317.

### 3. The Court Lacks Specific Jurisdiction over Mr. Pitt

The Fifth Circuit has set forth the following three-step analysis for "specific" jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted). Thus, specific jurisdiction only exists when, among other things, the non-resident defendant's contacts with the forum arise from, or are directly related to, the cause of action. *See id*.

    a. *Mr. Pitt did not enter into an agreement with Plaintiff or otherwise direct activities towards the forum state.*

Here, the only allegation of specific jurisdiction arises from Plaintiff's alleged agreement and communications with Mr. Pitt. *See generally* Pl.'s First Am. Compl., ECF No. 25.

However, as explained above, Mr. Pitt did not enter into an "agreement" or contract with Plaintiff. *See* Pitt Decl. at 2, ¶ 9. In fact, Mr. Pitt has never had contact with, conducted business with, entered into any agreements or contracts with, or requested or received payment from Plaintiff (whether for fundraising purposes, travel, or otherwise). *See id.* at 1–2 ¶¶ 7, 9–10. Moreover, Mr. Pitt never authorized anyone to conduct business with, enter into any agreements or contracts with, or request or receive payments from Plaintiff on his behalf. *Id.* at 2, ¶ 8–10. Mr. Pitt was not even aware of Plaintiff or the alleged agreement until Plaintiff sent a "demand letter" to Mr. Pitt's California-based attorney in March 2020, prior to her filing this suit. *Id.* at 2, ¶ 8. As explained above, Plaintiff has acknowledged that the accounts that allegedly "approached" her online in 2018 were "fake Brad Pitt" accounts. *See, e.g.*, Parties' Joint Report of Rule 26(f) Conf. 2–4, ECF No. 14.

Although it is unfortunate that Plaintiff may have been the subject of an internet scam, Mr. Pitt could not have "reasonably anticipate[d] being haled into court" in Texas based on an alleged "agreement" that he was not a party to and of which he was not even aware prior to Plaintiff sending a demand letter to his attorney. *See* Pitt Decl. at 2, ¶ 8; *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Because Mr. Pitt was not a party to the alleged agreement or communications with Plaintiff, there is no specific jurisdiction over him.

        b.    *Even assuming Plaintiff's allegations are true, they are insufficient to support specific jurisdiction over Mr. Pitt.*

Even if Mr. Pitt was a party to an alleged agreement, which he was not, the agreement or related communications would be insufficient to establish that Mr. Pitt had minimum contacts with the forum state. In a breach of contract suit, "merely contracting with a resident of the forum state does not establish minimum contacts." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Nor does "[a]n exchange of communications in the course of developing and carrying out a contract . . . by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Id.* at 312.

In determining if the non-resident defendant has purposefully availed himself of the forum state, the Court will consider "[t]he factors of prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 872 (5th Cir. 1999).

Here, Plaintiff alleges the parties entered into an agreement requiring Mr. Pitt to make an appearance at fundraising events. *See* Pl.'s First Am. Compl. 3, ¶ 8, ECF No. 25. She further alleges that the fundraising events were an effort to raise money for rebuilding of homes that were affected by Hurricane Katrina, which made landfall in New Orleans, Louisiana, in 2005. *Id.* However, Plaintiff makes no reference to where the alleged fundraising events were to be held. Within the four corners of the Complaint, the lawsuit's only "tie" to Texas is Plaintiff's

residence in the state. The minimum contacts requirement is not established simply because the agreement (to which Mr. Pitt was not a party) was with a Texas resident.

### 4. Even if Mr. Pitt Had Minimum Contacts with Texas, the Exercise of Personal Jurisdiction Would Offend Notions of Fair Play and Substantial Justice

A court should consider factors relating to traditional notions of fair play and substantial justice only **after** the court finds the defendant had sufficient minimum contacts with the forum state to support the exercise of personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 476. Where such contacts are lacking, a court should not undertake that analysis. *See id.* Because Mr. Pitt lacks the required minimum contacts with the State of Texas necessary to support the exercise of personal jurisdiction, as set forth above, the Court need not evaluate the factors relating to traditional notions of fair play and substantial justice. *See id.*; *see also Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014).

However, even assuming this Court could find the requisite minimum contacts for the exercise of general or specific jurisdiction over Mr. Pitt, Plaintiff's claims against Mr. Pitt should nevertheless be dismissed because maintenance of the suit in this forum would not comport with traditional notions of fair play and substantial justice. In determining whether it would be fair to subject a non-resident defendant to suit in a foreign state, courts consider (1) the defendant's burden in defending himself in the foreign state; (2) the forum state's interest in the dispute; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) "the shared interest of the several [s]tates in furthering fundamental substantive social policies." *Special Indus., Inc.*, 578 F. App'x at 328 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 292).

First and foremost, it would be unduly burdensome to require Mr. Pitt, a California resident with no ties to Texas (or to Plaintiff), to defend himself in a Texas court. Indeed, it would offend all notions of fair play, substantial justice, and traditional concepts of personal jurisdiction. *See Int'l Shoe*, 326 U.S. at 319 ("Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.").

Second, the state's only potential interest in this dispute arises from the fact that Plaintiff is a Texas resident, which, as further explained above, is insufficient to confer or justify the exercise of jurisdiction.

Third, Plaintiff is attempting to force Mr. Pitt to litigate based on an agreement, after she has been put on notice and even acknowledged that he is not a party to said agreement. Plaintiff is attempting to recover from the wrong party in a state with which the defendant has no substantial contacts.

Fourth, the judicial system does not have an interest in exercising personal jurisdiction over Mr. Pitt based on an agreement or alleged communications to which he was not a party. Forcing Mr. Pitt to litigate this matter would cause him to spend extensive time and resources to prove what Plaintiff has already acknowledged (*i.e.*, that Plaintiff communicated with, and allegedly entered into an agreement with, "fake Brad Pitt" accounts). *See* Parties' Joint Report of Rule 26(f) Conf. 2–4, ECF No. 14.

This goes hand-in-hand with the fifth factor, which requires the Court to consider the effect exercising jurisdiction over Mr. Pitt would have on future litigation in all states. Such a decision could give rise to a flood of frivolous claims against public figures who have no control over individuals unlawfully posing as them on the internet.

In summary, Plaintiff's claims against Mr. Pitt should be dismissed for lack of personal jurisdiction because he does not have sufficient minimum contacts with Texas, and even if he did, exercising personal jurisdiction over him would offend all notions of fair play and substantial justice.

**B.  ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S FRAUD-BASED CLAIMS PURSUANT TO RULE 12(B)(6).[5]**

1. Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption

---

[5] Mr. Pitt's motion to dismiss Plaintiff's fraud-based claims under Federal Rule of Civil Procedure 12(b)(6) is made in the alternative, should the Court conclude that it may exercise jurisdiction over him. However, Mr. Pitt does not intend to waive his objection to the Court's personal jurisdiction, and still reserves the right to challenge any denial of his motion to dismiss for lack of personal jurisdiction on appeal.

that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). Although Rule 12(b)(6) requires the Court to accept Plaintiff's factual allegations as true, it also require Plaintiff to allege "more than labels and conclusions," and "a formulaic recitation of a cause of action's elements will not do." *Id*. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'naked assertion[s]' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 977 (E.D. Tex. 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show[] that the [plaintiff] is entitled to relief." FED. R. CIV. PROC. 8(a)(2); *see also Iqbal*, 556 U.S. at 677–78. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc*., 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

  2. <u>Plaintiff's Fraud-Based Claims Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard</u>

In addition to Rule 12(b)(6), Plaintiff's claims for fraud, fraudulent inducement, conspiracy to commit fraud, and negligent misrepresentation are subject to the heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. PROC. 9(b); *see also Higher Perpetual Energy, LLC v. Higher Power Energy, LLC*, Civ. A. No. 4:17-CV-00414, 2018 WL 3031780, at *2 (E.D. Tex. June 18, 2018) (claims asserting fraudulent inducement and negligent misrepresentation are subject to the requirements of Rule 9(b)); *In re Enron Corp. Secs., Derivative & "ERISA" Litig.*, 540 F. Supp. 2d 759, 766 (S.D. Tex. 2007) ("The particularity requirement of Rule 9(b) also governs a conspiracy to commit fraud."). Specifically, a plaintiff asserting fraud-based claims must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In other words, a plaintiff must specify the "who, what, when, where, and how" of the alleged fraud. *Williams*, 112 F.3d at 179 (citations omitted). Plaintiff's fraud-based claims are conclusory and unsubstantiated, and fail to meet Rule 9(b)'s heightened pleading standard.

The elements of a fraud claim in Texas are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty*

*& Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009) (citations omitted). Under Texas law, "[f]raudulent inducement is a distinct category of common-law fraud that shares the same elements but involves a promise of future performance made with no intention of performing at the time it was made." *Ibe v. Jones*, 836 F.3d 516, 525 (5th Cir. 2016) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 153 (Tex. 2015)).

Lastly, "[t]he elements of a cause of action for civil conspiracy in Texas are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *In re Enron Corp.*, 540 F. Supp. 2d at 773–74 (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1990)). "Under Rule 9(b), conspiracy to commit fraud must be pleaded with particularity as to time, place, and contents of false representations and the identity of the person making them and what he obtained thereby." *Id.* at 774 (citing *Castillo v. First City Bancorporation of Texas, Inc.*, 43 F.3d 953, 961 (5th Cir. 1994)). Moreover, the plaintiff must adequately plead the underlying fraud claim, or the conspiracy claim will also fail. *Id.*

Here, Plaintiff has failed to plead any of her fraud-based claims with any detail or particularity. Plaintiff generally recites a broad outline of her alleged agreement with Mr. Pitt, pursuant to which she allegedly made payments "to different bank accounts," and goes on to allege that Mr. Pitt failed to uphold his end of the bargain by appearing at certain events pursuant to the agreement. *See generally* Pl.'s First Am. Compl., ECF No. 25. Even assuming there was an agreement between Plaintiff and Mr. Pitt under which he failed to perform, such allegations would constitute a breach of contract claim, which Plaintiff also asserts, and not fraud. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) (explaining that, under Texas law,

the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties).[6]

It is unclear from Plaintiff's Complaint what misrepresentations were allegedly made by Mr. Pitt, when they were made, how they were made (*i.e.*, over the internet or in person), and how Mr. Pitt knew the representations were false when he allegedly made them. To the extent Plaintiff relies upon the alleged "discussion of marriage" between herself and Mr. Pitt as the basis for her fraud-based claims, the Complaint provides no details as to the alleged discussions. Moreover, it is unclear how such alleged discussions constituted fraud at the time they were had.

The Complaint provides no details regarding the payments Plaintiff allegedly made pursuant to the agreement. It is unclear when, how, or to whom Plaintiff allegedly made such payments. *See, e.g., Goss v. Firestone Polymers, L.L.C.*, No. Civ.A. 1:04-CV-665, 2005 WL 1004717, at *19 (E.D. Tex. Apr. 13, 2005) (finding plaintiffs made several allegations that defendants knowingly made false representations to entice plaintiffs to enter into agreements, but plaintiffs failed to "indicate the specific statements made, identify the individual[s] who made the alleged representations, or designate the dates on which the purported representations were made, the place at which they were made, or the benefit derived thereby").[7]

Finally, Plaintiff fails to identify the other individual(s) with whom Mr. Pitt allegedly had a "meeting of the minds," or when such meeting of the minds occurred, to support her conspiracy claim.

---

[6] Indeed, Plaintiff's fraud-based claims are also precluded by the economic loss rule. *See id.*

[7] Indeed, the declarations of Mr. Pitt and the Make It Right Entities make clear that none of the Defendants solicited or received any of the alleged payments from Plaintiff. *See* Pitt Decl. at 2, ¶ 9–10; *see also* Mazzuto Decl. at 3, ¶ 16–17.

In sum, Plaintiff wholly fails to specify the "who, what, when, where, or how" of the alleged fraud and her related claims. *Williams*, 112 F.3d at 179. These facts, were they to exist, would be readily at Plaintiff's disposal, and easily recited in the pleadings. Yet they are completely absent. Simply put, the allegations in the Complaint are insufficient to support a fraud-based claim against Mr. Pitt under Rule 9(b)'s heightened pleading standard. *See generally* Pl.'s First Am. Compl., ECF No. 25. Because Plaintiff has not sufficiently pleaded her fraud claim, she has also failed to sufficiently plead her fraudulent inducement, conspiracy to commit fraud, and negligent misrepresentation claims, which all rely on the same facts. Plaintiff has failed to meet Rule 9(b)'s heightened pleading standard, and each of her claims sounding in fraud should, therefore, be dismissed.

## V.  CONCLUSION

Based on the foregoing, Mr. Pitt respectfully requests that the Court grant his Motion and dismiss Plaintiff's claims against him in their entirety. Because the Court does not have personal jurisdiction over Mr. Pitt, it should dismiss such claims pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Alternatively, should the Court find that it has personal jurisdiction over Mr. Pitt, the Court should dismiss Plaintiff's claims for fraud, fraudulent inducement, conspiracy to commit fraud, and negligent misrepresentation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mr. Pitt prays that the Court grant him all other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

*/s/ Paul E. Coggins*
Paul E. Coggins
  Texas Bar No. 04504700
  pcoggins@lockelord.com
Jennifer M. McCoy
  Texas Bar No. 24089805
  jennifer.mccoy@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

**ATTORNEYS FOR DEFENDANT
WILLIAM BRADLEY PITT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2020, a true and correct copy of the foregoing document was served on the following pursuant to the Federal Rules of Civil Procedure:

Kelli Christina, *pro se*
6400 Windcrest Dr., Suite 522
Plano, Texas 75204
kelli.kdstaffing@gmail.com

*/s/ Paul E. Coggins*
Paul E. Coggins