FILED
OCT 1 4 2020
Clerk, U.S. District Court
Eastern District of Texas

IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KELLI CHRISTINA § | |
| Plaintiff § | CIVIL ACTION NO. 4:20-CV-00534-SDJ-CAN |
| § | |
| v § | |
| § | |
| § | |
| DEFENDANTS, ET AL., § | |
| Defendants § | |

**PLAINTIFF KELLI CHRISTINA'S MOTION IN OPPOSITION TO DEFENDANTS WILLIAM BRADLEY PITT AND MAKE IT RIGHT FOUNDATION'S MOTION TO DISMISS, AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Kelli Christina (hereinafter "Plaintiff"), and hereby files this response to the motion to dismiss filed by Defendant Defendants ("Defendants") and would respectfully show the Court as follows:

### I.   BACKGROUND AND STATEMENT OF FACTS

1.   Plaintiff filed this lawsuit in the 471st Judicial District Court of Collin County, Texas. Defendants' counsel removed the case on basis of complete diversity of jurisdiction and that Plaintiff seeks monetary relief over $100,000 in her original petition. Plaintiff filed her motion to remand and a hearing was held on September 3, 2020. During the hearing the Court ordered Plaintiff to amend and file her complaint within fourteen days; and she did.[1]  Consequently, Plaintiff inquired whether Paul E. Coggins, as attorney of record, would accept service of the amended complaint on behalf of all defendants, including Defendants. Mr. Coggins expressly made assurances to Plaintiff that he would accept service of Plaintiff's First Amended Complaint. Notwithstanding Mr. Coggins' promise to accept service of the amended petition on behalf of

---

[1] *See* PL.'s First Am. Compl. ECF NO. 25

Defendants, he now moves this court to dismiss this case for lack of personal jurisdiction over Defendants.

2. Defendants further argues that Plaintiff's complaint fails to allege facts with sufficient specificity as to the "who, what, when, where and how." asserted in in her first amended petition. Plaintiff heavily opposes Defendants' contentions to the extent that Plaintiff has furnished all relevant documents and information to Defendants and their counsel to establish Defendants notice of potential fraud being perpetrated by Brad Pitt, someone within Defendants Organization, or potentially an impersonator. Defendants' stance is incredulous to a degree that it is so overt that they covertly shield themselves from having knowledge of impersonators of Brad Pitt and representatives of Make it Right Foundation to pray on Defendants' supporters with the intent defraud them using Brad Pitt's name and celebrity status and also the Make it Right Foundation's non-profit organization's reputation.

3. Defendants argue that this case must be dismissed because they are not subject to general or personal jurisdiction by Texas Courts.

4. Plaintiff will show that even if diverse citizenship exists between the parties, Defendants have significant business contacts with Texas and absolutely benefit from business operations contacts in Texas to confer jurisdiction over Defendants.

## II.   ARGUMENTS AND AUTHORITIES

**A.   DEFENDANTS' HAVE AVAILED THEMSELVES TO PERSONAL AND GENERAL JURISDICTION.**

5. Defendants have moved to dismiss based on lack of personal jurisdiction pursuant to Rule 12(b)(2), and alternatively, on Rule 12(b)(6). This Court has subject matter jurisdiction over cases involving diversity between the parties and relief sought exceeds $75,000. Personal jurisdiction on Defendants is overt as shown below.

6.      Indeed, a plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant[2]

7.      Under Freudensprung,[3] a case cited in Defendants' motion, strengthens rather than weakens Plaintiff's argument that this Court has personal jurisdiction over Defendants because (1) Texas' long-arm statute confers personal jurisdiction over Defendants; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. Plaintiff will show unto the Court that Defendants have purposely established minimum contacts with Texas, invoking the benefits and protections of Texas laws, and therefore reasonably could anticipate being haled into court in Texas. Plaintiff will further show that the exercise of personal jurisdiction, under the circumstances, does not offend traditional notions of fair play and substantial justice.

8.      The Texas long-arm statue extends only to the limits of due process.[4] Consequently, only the due process prong of the inquiry must be addressed.[5]

9.      Here, Defendants raise issue concerning whether the Court lacks personal jurisdiction over them because; (1) Plaintiff is a Texas resident and (2) Brad Pitt is a California resident; and (3) Make it Right Foundation entities are formed in Delaware with a principal place of business in Louisiana. Defendants' argument in this regard fails because the long-arm statute allows a court to exercise personal jurisdiction over a nonresident defendant that does business in Texas.

---

[2] .*See e.g. Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602,609 (5th Cir. 2008)  *See also* Fed R. Civ. P. 12(b)(2).
[3] *See Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F3d 327, 343(5th Cir. 2004)
[4] *Id. citing* Tex. Civ. Prac. & Rem. Code § 17.042 and *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.* 9 F.3d 415, 417-18 (5th Cir. 1993)
[5] *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000)

10. Texas courts and statutes have made clear that in addition to a discrete list of activities that constitute doing business in Texas, the statute provides that "*other acts*" by the nonresident can satisfy the requirement.[6] Additionally, a "defendant's contacts with a forum can give rise to either general or specific jurisdiction." *Id.* General jurisdiction is present when a defendant's contacts are continuous and systematic, permitting the forum to exercise personal jurisdiction over the defendant <u>even</u> if the cause of action did not arise from or relate to activities conducted within the forum state."[7] Further, "A nonresident defendant that has purposefully availed itself of the privileges and benefits of conducting business in the foreign jurisdiction has sufficient contacts with the forum to confer personal jurisdiction."[8]

11. Defendant Brad Pitt has purposely availed himself, and continues to avail himself of the privileges and benefits of Texas reaping millions in profits from Texas residents who (1) purchase tickets for his films in released in Texas movie theatres; (2) sales DVDs in purchased by Texas consumers at Texas retail stores; and (3) fees paid by Texas residents to online platforms that stream Brad Pitt's films.

12. Defendants Make it Right Foundation entities likewise have purposely availed themselves, and continue to avail themselves of the privileges and benefits of Texas reaping undisclosed amounts of donations made by Texas residents. Defendants must be ordered to answer Plaintiff's claims alleged in her First Amended Complaint and continue with discovery under the Federal Rules of Civil Procedure and the United States Constitution.

---

[6] *See* TEX. CIV. PRAC. REM.CODE § 17.042; *See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).
[7] *See Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).
[8] . *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84, 85 L.Ed.2d 528 (1985).

13. Defendants' argument that they "*lack the requisite minimum contacts with the forum*" is unpersuasive. Plaintiff asks that the court deny Defendants' Motion to Dismiss so this case can proceed to trial and adequate discovery may be conducted so that justice may be done.

**B. MAINTENANCE OF THIS SUIT SQUARELY COMPORTS WITH TRADITIONAL NOTIONS OF FAIR PLAY AND SUBSTANTIAL JUSTICE**

14. Defendants err in arguing that even if this court could find the requisite minimum contacts for the exercise of general or specific jurisdiction of him, maintenance of this suit in this forum would not comport with traditional notions of fair play and substantial justice. It is unsustainable to argue that Plaintiff's viable claims be dismissed without Defendants answering to the merits of her claims especially when Plaintiff has produced probative evidence to Defendants via her initial disclosures that establishes, at the very minimum, Plaintiff's arguments must be decided by this Court and a jury based on the evidence and testimony Plaintiff introduces; and, likewise, this Court and a jury should hear and decide Defendants' arguments based on the evidence and testimony Defendants introduce.

15. Regarding traditional notions of fair play and substantial justice, Plaintiff submits to this Court that Defendants retained sophisticated high dollar lawyers to represent him in this case. It is evident that Defendants has the means to be fairly represented in this case without causing any burden to him.

16. As such, Plaintiff asks this Court to deny Defendants' motion to dismiss and that he should be ordered to answer this lawsuits so that justice can be done.

**C. PLAINTIFF PRODUCED ALL RELEVANT DOCUMENTS IN HER POSSESSION**

17. All relevant documents are in the possession of Defendants counsel. The documents produced are sufficient to surmise a breach of contract between Plaintiff and Defendants. Although there is no written contract, there is substantial evidence to proceed to

5

discovery litigate this case on the merits. Plaintiff has probative evidence in the form of emails, phone calls, three packages delivered to Brad Pitt at Plan B Entertainment's office before Plaintiff even sent her demand letter to Defendants. Plaintiff has clearly established that Defendants were made aware of Plaintiff's claims and try remedy the negligent actions and/or inactions which resulted in Plaintiff, and potentially others, being defrauded under the guise of Defendant Brad Pitt and the Make it Right Foundation. To that end, Plaintiff moves this court to deny Defendants' Motion(s) to Dismiss so that Plaintiff may conduct discovery from Defendants. Defendants must not be allowed to simply avoid liability for their actions and/or inactions resulting in Plaintiff's injuries and damages sustained as a result that are the subject to this lawsuit. After both parties have exchanged discovery and have deposed relevant witnesses this case can proceed to trial where a jury is charged with deciding the outcome of this case.

### D.   DEFENDANTS'S MOTION TO DISMISS PLAINTIFF'S FRAUD BASED CLAIMS UNDER RULE 12(B)(6) IS WITHOUT MERIT.

18.   In the alternative, Defendants moves this Court to dismiss Plaintiff's fraud based claims under Rule 12(b)(6) complaining that not enough facts to state a claim to relief that is plausible on its face. However, A Rule 12(b)(6) is viewed with disfavor and is rarely granted.[9]

19.   In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.[10]

20.   In *Iqbal,* the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth."24

---

[9] See *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) (*citing Harrington v. State Farm Fire & Cas. Co.,* 563 F.3d
[10] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996)

Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." 25 "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."26 This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

21.   From the outset, Plaintiff has been forthcoming regarding the allegations contained in her complaint.  Defendants attempts to shield himself from any liability because he allegedly had no knowledge of Plaintiff's claims until his attorney was served with Plaintiff's demand letter as alleged in Defendants' Motion to Dismiss[12] addressing the fraud being perpetrated against Plaintiff and potentially other victims.

22.   Despite having received notice of Plaintiff's claims that Plaintiff had missed appearances at fund-raising events for the benefits of Make it Right Foundation's charitable causes, Defendants ignored Plaintiff's claim.  Unlike Defendants or Make it Right Foundation entities, any prudent person and/or non-profit organization taking in charitable donations from the public is obliged with investigating reports that impostors are using Defendants's name and Make it Right Foundation's name to defraud the general public, including Plaintiff.

23.   First, the failure to investigate the fraud reported to Defendants and the Make it Right Foundation is a clear act of negligence.  Second, Defendants and Make it Right attempt to dismiss this case in time to not learn anything.

24.   Plaintiff has supported Defendants and the Make it Right Foundation to help people in need.  Plaintiff now finds herself in litigation against Defendants and the Make it Right

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570)
[12] *See* Brad Pitt's Motion to Dismiss, ECF No. 27.

Foundation due to lack of administration of the foundation. Having received Plaintiff's demand letter, Defendants rather than investigate if someone within the foundation or an external impostor committed the acts Plaintiff complains of in this case, Defendants ignored Plaintiff's legitimate claims.

25. With regards to Defendants' arguments that Plaintiff's fraud base claims should be dismissed, Defendants forget that at all relevant times, each Defendant was an agent of the other Defendants. Further, that committing the acts alleged in Plaintiff's First Amended Complaint, Defendants acted within the scope of their agency and were acting with the consent, permission, authorization and knowledge of the other respective Defendant, and perpetrated and/or conspired to or aided and abetted the unlawful acts described herein. All actions of the Defendants alleged herein were ratified and approved by the other respective Defendants or their officers, directors, controlling persons, agents, aiders and abettors or co-conspirators.

26. Plaintiff has produced all relevant documents in her possession. Defendant produced Defendants' insurance policies and re-produced the same e-mails as Plaintiff had already disclosed.

27. The e-mails between Plaintiff and Defendants undoubtedly show that Brad Pitt as director and founder of the Make it Right Foundation that they were aware of the problems and did not act to act in accordance with the rules that govern non-profit organizations. Defendants' motion to dismiss must be denied so that Plaintiff may conduct discovery, including interrogatories, requests for production, requests for admissions, as well as the deposition of Defendant Brad Pitt and the corporate representative of the Make it Right Foundation.

28. Now that Plaintiff's claims are before this Court, Defendants can no longer ignore Plaintiff's claims. Instead, Defendants resort to move to dismiss Plaintiff's claims without

answering the lawsuit. Instead, Defendants want this case dismissed without even attempting to provide any rationale for the dismissal other than Defendants did not know anything about this. Even arguendo, if Defendants did not know, Plaintiff informed Defendants via her demand letter. Yet, Defendants simply ignored it and whished Plaintiff would go away. It is in the interest of the general public that Defendants respond to Plaintiff's claims in this case to deter well meaning individuals to be defrauded in the future.

## CONCLUSION

29.     For the foregoing reasons, Plaintiff opposes Defendants' Motion to Dismiss and asks this Court to deny Defendants' Motion to Dismiss and order Defendants to answer the suit so that justice may be done.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court:

(1) deny Defendant Brad Pitt's Motion to Dismiss;
(2) order Defendant William Bradley Pitt to file an answer to claims asserted in Plaintiff's First Amended Petition;
(3) deny Make it Right Foundation entities' motion to dismiss;
(4) order Make it Right Foundation entities to file an answer to claims asserted in Plaintiff's First Amended Petition;
(5) all such other and further relief to which Plaintiff may show herself justly entitled to under law or equity.

Respectfully submitted,

*/s/ Kelli Christina*

Kelli Christina
6400 Windcrest Drive, Suite 522
Plano, Texas 75024

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this ___th day of October 2020, a true and correct copy of the foregoing document was served on the following pursuant to the Federal Rules of Civil Procedure.

Paul Coggins
Jennifer McCoy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*/s/ Kelli Cleary*