IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION



| | | |
|---|---|---|
| KELLI CHRISTINA<br>Plaintiff<br><br>v<br><br>DEFENDANTS, ET AL.,<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:20-CV-00534-SDJ-<br>CAN |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Kelli Christina (hereinafter "Plaintiff") respectfully submits this Sur-Reply to Defendants William Brad Pitt's (hereinafter "Mr. Pitt") and Make it Right Foundation Entities' Replies (ECF Nos. 32 and 33) to Plaintiff's Motion in Opposition to Defendants William Bradley Pitt and Make It Right Foundation's Motion to Dismiss and Plaintiff's Motion for Leave to Amend her First Amended Complaint (ECF No. 30).

Defendants' assertions that this Court's jurisdiction lacks jurisdiction over them is unpersuasive, flawed and airs on the side of defiance of this Court's judicial powers to hear Plaintiff's claims evidently with the sole intent of depriving Plaintiff of exercising her right to pursue her claims and present evidence in support of her claims to the Court so that justice may be done.

To the extent Defendants argue that this Court lacks personal and/or general jurisdiction over Defendants, Plaintiff respectfully reminds the court that Defendants removed this case from State District Court. Plaintiff filed her Motion to Remand this case to state court where she originally filed. On September 3, 2020 a video conference hearing was held on Plaintiff's Motion to Remand wherein Plaintiff was ordered to file her first amended complaint within fourteen days. During this video conference hearing Plaintiff expressly asked Defendants counsel, Paul Coggins,

if he would accept service of Plaintiff's first amended complaint. Mr. Coggins agreed to accept service of Plaintiff's amended complaint on behalf of "all defendants").

Plaintiff timely filed her first amended petition on September 14th, 2020 and Defendants' counsel was served with a copy through the Court. Despite Defendants' counsel's representations made in open court at the September 3, 2020 hearing to the Court and to Plaintiff, Defendants have not filed an answer to the lawsuit. Plaintiff submits to the Court that Defendants' counsel's representations to the court at the September 3, 2020 hearing must be honored and fulfilled. Service was effected on all Defendants when Defendants' counsel received Plaintiff's First Amended Complaint via the Court's ECF system.

Plaintiff respectfully directs the Court's attention to Fed. R. Civ. P. 12 (a)(1)(A)(i)(ii) which provides in pertinent part that:

> (a) Time to Serve a Responsive Pleading.
>
> (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>
> (A) A defendant must serve an answer:
>   (i) within 21 days after being served with the summons and complaint; or
>   (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

*See* Fed. R. Civ. P. 12 (a)(1)(A)(i)(ii).

In accordance with Defendants' counsel's agreement to accept service of the amended hearing during the September 3, 2020 hearing, Plaintiff timely filed her first amended complaint and Defendants' counsel, Paul Higgins, received service of the amended complaint through the court's ECF. Thus, the clock started ticking on September 14th, 2020 when Defendants' counsel received service of Plaintiff's First Amended

Complaint. To this day, Defendants have not filed a denial or asserted any affirmative defenses. Thus, Defendants period to file a responsive pleading to Plaintiff's First Amended Complaint under Fed. R. Civ. P. 12 (a)(1)(A)(i)(ii) has expired. As such, Defendants must be made to comply with the rules and be ordered to answer the complaint or in the alternative award Plaintiff a judgment in the amount of $100,000 by default because Defendants have failed to timely file a denial or assert any affirmative defenses against claims asserted against them in her First Amended Complaint.

During the September 3, 2020 hearing the Judge ordered Defendants to produce documents required as part of the initial disclosures under Fed. R. Civ. P. 26. Indeed, Defendants complied with that order and produced documents required as part of their initial disclosures including e-mail thread between the Make it Right Foundation Entities and Plaintiff. Defendants' Motion to Dismiss rely on these e-mails to attempt to prove to the court that Plaintiff had been defrauded by someone else and not Defendants is a novel proposition to try to argue the merits of the case without having to answer the lawsuit. It is a perfectly viable defense raise as an affirmative defense in an answer but Defendants avoid it at all cost.

Contrary to Defendant's last minute argument, the e-mails between the Make It Right Foundation and Plaintiff strengthens rather than weakens Plaintiff's claims to the extent that it verifies that Plaintiff was in contact with the Make It Right Foundation's director and others. It further establishes that Plaintiff put Defendants on notice that fraud was being committed in Defendants names. Despite Defendants having received notice and Defendants making assurances to Plaintiff that they "would fix everything" to prevent future frauds. Defendant's representative accidently copied Plaintiff which reveals that

Defendants negligent actions/and or inactions in failing to address plaintiff's revelations rises to actionable negligence cause of action.

Any prudent person or non-profit organization that takes in millions of dollars in donations would investigate into the frauds being committed in their name. Rather, Defendants ignored Plaintiff's claims, and more importantly failed to prevent additional victims to defrauded.

Plaintiff has complied with the Court's order to amend her complaint within fourteen days of September 3, 2020 hearing and Plaintiff secured an acceptance of service of the amended complaint on the record. Defendants' counsel's representations to accept service was made to the Court, and now, they contend that even though they agreed to accept service they don't have to. This begs for the question for why Defendants' Counsel's representation conflict with their new contentions and they now refuse to honor the representations Defendants made to the Court and to Plaintiff. If they agreed to accept service on behalf of Brad Pitt without having consulting with his client and his client did not approve of Paul Coggins receiving service of Plaintiff's Amended Complaint is a more credible argument that overtly saying in essence that they would accept service but now they don't want to. Defendants counsel could have very well said to the Court and Plaintiff that he would not agree to accept service of Plaintiff's First Amended Complaint as ordered by the judge minutes before during the hearing. If Defendants' counsel had not agreed to accepting service during the hearing, Plaintiff would have requested the Court to issue a citation to Brad Pitt and effected service through a process server or other traditional methods.

## Conclusion.

Plaintiff respectfully submits to the Court that she has incurred expenses and extensive time in attempting to move this case forward but cooperation from Defendants is flimsy at best.

Plaintiff has produced all relevant documents in her possession to Defendants. Arguments have been presented to the Court by both sides.

Defendants Motion to Dismiss only attacks fraudulent claims. Thus, if the Court should grant Defendants Motion to Dismiss, the case should proceed with the surviving claims.

Plaintiff is ready to procced to litigation on the merits of the claims asserted in her First Amended Petition for judicial efficiency and so that Plaintiff may be heard and justice may be done.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court:

(1) deny Defendant Brad Pitt's Motion to Dismiss;
(2) order Defendant William Bradley Pitt to file an answer to claims asserted in Plaintiff's First Amended Petition;
(3) deny Make it Right Foundation entities' motion to dismiss;
(4) order Make it Right Foundation entities to file an answer to claims asserted in Plaintiff's First Amended Petition;
(5) all such other and further relief to which Plaintiff may show herself justly entitled to under law or equity.

Respectfully submitted,

/s/ Kelli Christina

Kelli Christina
6400 Windcrest Drive, Suite 522
Plano, Texas 75024
Telephone:
E-mail: kelli.kdstaffing@gmail.com

Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this ___th day of September 2020, a true and correct copy of the foregoing document was served on the following pursuant to the Federal Rules of Civil Procedure.

Paul Coggins
Jennifer McCoy
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

Respectfully submitted

*/s/ Kelli Ellis*