IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELLI CHRISTINA, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:20-CV-00534-CAN |
| v. | § | |
| | § | |
| BRAD PITT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Brad Pitt's Motion to Dismiss [Dkt. 27] and Defendants Make it Right Foundation, Make it Right NMTC, LLC, and Make it Right-Solar, Inc.'s Motion to Dismiss [Dkt. 28]. After reviewing the Response [Dkt. 30], Replies [Dkts. 32; 33], Sur-reply [Dkt. 35], and all other relevant filings, and after conducting a videoconference hearing [Dkt. 37], the Court finds the Motions to Dismiss [Dkts. 27; 28] should each be **GRANTED**. Plaintiff Kelli Christina's claims against Defendants Brad Pitt, Make it Right Foundation, Make it Right NMTC, LLC, and Make it Right-Solar, Inc. are hereby **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

Plaintiff Kelli Christina ("Plaintiff"), a Texas resident, originally filed this action in the 471st Judicial District Court in Collin County, Texas, on June 12, 2020, asserting claims for breach of contract, fraud, fraudulent inducement, conspiracy to commit fraud, negligent misrepresentation, and unjust enrichment [Dkts. 1-3 at 5, 11-16; 5 at 1, 7-11; 11 at 1]. On July 13, 2020, Defendants Brad Pitt, Make it Right Foundation, Make it Right NMTC, LLC, and Make it Right-Solar, Inc. (collectively, "Defendants") timely filed a Notice of Removal, removing the case to the Eastern District of Texas [Dkt. 1]. After the case was referred to the undersigned for any

and all further proceedings, including trial, entry of final judgment, and all post-judgment hearings, in accordance with 28 U.S.C. § 636(c) and the consent of the Parties [Dkt. 22], the Court denied Plaintiff's Motion to Remand [Dkt. 11] on September 14, 2020 [Dkt. 24], finding removal to federal court on the basis of diversity jurisdiction proper.[1] The same day, Plaintiff filed her First Amended Complaint [Dkt. 25]—the live pleading. Relevant to consideration of the pending Motions, Defendants agreed to accept service of the Amended Complaint.

*Amended Complaint*

Plaintiff's Amended Complaint asserts the same six causes of action as her original petition: breach of contract, fraud, fraudulent inducement, conspiracy to commit fraud, negligent misrepresentation, and unjust enrichment [Dkt. 25 at 5-10]. Plaintiff's live pleading alleges she was approached in 2018 by Defendant Brad Pitt ("Defendant Pitt") to raise money for Defendant Make it Right Foundation's charitable cause of sustainable redevelopment in New Orleans, Louisiana [Dkt. 25 at 2-3]. Plaintiff further alleges she entered into a business agreement with Defendant Pitt whereby Plaintiff would "organize and market to the general public" certain fundraising events for Defendant Make it Right Foundation and whereby Defendant Pitt would appear at these events in exchange for money [Dkt. 25 at 3]. Plaintiff claims she upheld her part of the business agreement by organizing, promoting, and marketing the events and paying $40,000.00 to Defendants "with the understanding that [Defendant] Pitt would make an appearance" [Dkt. 25 at 3]. Plaintiff further claims she made these payments "to different bank accounts Defendants owned in different banks" [Dkt. 25 at 4]. Plaintiff states Defendant Pitt failed to make an appearance on five different occasions despite Plaintiff's payments, and that

---

[1] The Court reiterates personal jurisdiction and subject-matter jurisdiction are distinct concepts, and "one has no bearing on the other." *Delay v. Household Fin. Corp., III*, No. A-14- CA-064-SS, 2014 WL 1117034, at *1 (W.D. Tex. Mar. 20, 2014) (citing *Johnlewis v. U.S. Bank Nat'l Ass'n*, No. H–12–3360, 2013 WL 655808, at *4 (S.D. Tex. Feb. 21, 2013)).

Defendants or their representatives "made assurances" that Defendant Pitt's failure to appear was "due to unpredictable circumstances" but that Defendant Pitt would make an appearance at future events [Dkt. 25 at 3]. Still, Defendant Pitt did not appear at any event organized by Plaintiff [Dkt. 25 at 3-4]. After Defendant Pitt's fifth failure to appear, Plaintiff "stopped sending payments" [Dkt. 25 at 4]. Plaintiff contends she "sent a notice letter to Defendants requesting a refund of the payments" after Defendant Pitt's "fourth failure to make an appearance" [Dkt. 25 at 4]. Plaintiff further contends this request "was wholly ignored" [Dkt. 25 at 4]. In addition to the aforementioned, according to Plaintiff, her relationship with Defendant Pitt was not only professional, but also romantic. Plaintiff claims "a personal relationship began to develop between [Plaintiff] and [Defendant] Pitt to a degree that there were discussions of marriage between the two" [Dkt. 25 at 4]. Plaintiff contends this personal relationship "quickly dissipated" after she stopped sending payments, making it impossible to discuss a refund [Dkt. 25 at 4]. In Plaintiff's view, Defendants "crafted a scheme to defraud" her [Dkt. 25 at 3].

*Motions to Dismiss*

On October 5, 2020, Defendant Pitt filed a Motion to Dismiss [Dkt. 27]. Defendants Make it Right Foundation, Make it Right NMTC, LLC, and Make it Right-Solar, Inc. ("Make it Right Defendants") filed a Motion to Dismiss [Dkt. 28] the same day. Plaintiff filed a Response [Dkt. 30], Defendants filed Replies [Dkts. 32; 33], and Plaintiff filed a Sur-reply [Dkt. 35].

Both Defendant Pitt and the Make it Right Defendants assert substantially similar bases for dismissal. Primarily, Defendants argue the Court lacks personal jurisdiction, both general and specific jurisdiction, under Federal Rule of Civil Procedure 12(b)(2) because they are residents of other states and have not directed actions toward the State of Texas [Dkts. 27; 28]. In support, attached to Defendants' Motions to Dismiss are two declarations made under penalty of perjury—

one by William Bradley Pitt dated September 29, 2020 ("Pitt Declaration") [Dkt. 27-1] and another by James Mazzuto, Chief Operating Officer of Make it Right Foundation, dated October 5, 2020 ("Mazzuto Declaration") [Dkt. 28-1].[2]  In the alternative, Defendants move for partial dismissal under Federal Rule of Civil Procedure 12(b)(6) of Plaintiff's fraud-related claims because they fail to satisfy the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) [Dkts. 27; 28].[3]

The Court held a videoconference hearing ("Hearing") on November 5, 2020, considering argument and allowing each of the Parties to clarify their positions [Dkt. 37].  The Motions to Dismiss are ripe for the Court's consideration.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), upon motion by a defendant, a court must dismiss a claim if the court lacks personal jurisdiction over the defendant.  FED. R. CIV. P. 12(b)(2). "After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists."  *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *4 (E.D. Tex. June 19, 2018) (citing

---

[2] 28 U.S.C. § 1746 provides that a matter may be:

> evidenced, established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).(Signature)".
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).(Signature)".

28 U.S.C. § 1746.  No challenge or objection to the submitted declarations has been made.

[3] The Court does not reach Defendants' alternative argument regarding Plaintiff's failure to state a claim because the Court concludes it lacks personal jurisdiction over Defendants, which dictates a dismissal without prejudice of Plaintiff's claims.  *See Cunningham v. Upwell Health, LLC*, No. 4:19-CV-00894-ALM-CAN, 2020 WL 4723175, at *3 n.8 (E.D. Tex. July 21, 2020) (declining to reach arguments under Rule 12(b)(6) because the Court lacked personal jurisdiction), *report and recommendation adopted*, No. 4:19-CV-894, 2020 WL 4698322 (E.D. Tex. Aug. 13, 2020).

*Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)); *see also Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "To satisfy that burden, the party seeking to invoke the court's jurisdiction must 'present sufficient facts as to make out only a prima facie case supporting jurisdiction,' if a court rules on a motion without an evidentiary hearing." *Lahman*, 2018 WL 3035916, at *4 (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). But if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014); *see also Green Ice Tech., LLC v. Ice Cold 2, LLC*, No. 4:17-CV-00341, 2018 WL 3207434, at *3 (E.D. Tex. June 29, 2018).

"When considering the motion to dismiss, 'allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.'" *Lahman*, 2018 WL 3035916, at *4 (quoting *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003)) (alterations omitted); *see also Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 476 (E.D. Tex. 2019). Defendants have submitted two declarations; no challenge or objection to the submitted declarations has been made.

## ANALYSIS

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction: (1) "absent a controlling federal statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant"; and (2) "the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution." *Lahman*, 2018 WL 3035916, at *4 (citing *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)). "The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution"; accordingly, "the sole inquiry that remains is

whether personal jurisdiction offends or comports with federal constitutional guarantees." *Lahman*, 2018 WL 3035916, at *4 (citing *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992); *Bullion*, 895 F.2d at 216); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). "The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Lahman*, 2018 WL 3035916, at *4 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction." *Lahman*, 2018 WL 3035916, at *4 (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)).

### *No Waiver of Objection to Personal Jurisdiction and No Default*

As an initial matter, Plaintiff argues Defendants have waived any argument regarding personal jurisdiction because Defendants' lawyer consented to accept service of Plaintiff's Amended Complaint [Dkts. 30 at 1-2; 37 at 9-10, 25]. Plaintiff also argues Defendants have defaulted because they still have not filed an answer notwithstanding the passage of twenty-one days from receipt of the Amended Complaint [Dkts. 35 at 2-3; 37 at 25]. Neither of these arguments have merit or any impact on the Court's personal-jurisdiction analysis.

i. *Acceptance of Service*

Numerous courts in this circuit have concluded acceptance of service of either a complaint or amended complaint does not waive any objection to personal jurisdiction or otherwise confer a court with personal jurisdiction. In *Van Stry v. McCrea*, for example, the Eastern District of Texas recently considered this same issue, concluding that accepting service via email and expressing an

intent to contest the case "are not sufficient to constitute an 'appearance' for purposes of finding a waiver of any objection to personal jurisdiction." No. 2:19-CV-104-WCB, 2019 WL 8017783, at *3 n.1 (E.D. Tex. July 12, 2019). And in *E2M Health Serv. v. Curative Health Serv.*, the Northern District of Texas similarly rejected a plaintiff's argument that the defendant waived her objection to personal jurisdiction by accepting service of the amended complaint. No. 302CV1562K, 2003 WL 23017509, at *5 (N.D. Tex. Dec. 19, 2003). Here too, the Court must reject such argument. Defendants have consistently preserved their challenge to the Court's exercise of personal jurisdiction throughout the course of litigation [Dkts. 1 at n.2; 13 at 1; 14 at 1 n.1; 16 at 1; 18 at 1 n.1; 23 at 1; 27; 28; 32]. The Court finds Defendants did not waive their challenge to the Court's exercise of personal jurisdiction merely by accepting service of the Amended Complaint.

ii. *Filing of Motions to Dismiss*

Generally, "[a] defendant must serve an answer . . .within 21 days after being served with the summons and complaint[.]" FED. R. CIV. P. 12(a)(1)(A). Here, Plaintiff filed her first Amended Complaint on September 14, 2020, which was served that same day [Dkt. 25 at 11]. Exactly twenty-one days later, on October 5, 2020, Defendants timely filed their Motions to Dismiss for lack of personal jurisdiction [Dkts. 27; 28]. *See* FED. R. CIV. P. 12(b)(2). It is well established that a defendant can file a motion to dismiss challenging personal jurisdiction in lieu of filing an answer. *See Russell v. Tex.*, No. 3:19-CV-430-S-BN, 2019 WL 9355828, at *1 (N.D. Tex. Mar. 22, 2019) (recognizing the filing of a motion to dismiss stays the time to file a responsive pleading), *report and recommendation adopted*, No. 3:19-CV-430-S-BN, 2019 WL 9355853 (N.D. Tex. Apr. 24, 2019); *Andrew v. Deutsche Bank Nat'l Tr. Co.*, No. EP-14-CV-466-PRM, 2015 WL 13793382, at *5 (W.D. Tex. May 12, 2015) (concluding the defendant was entitled to file a motion to dismiss in lieu of filing an answer); *FuQua v. Massey*, 615 F. App'x 611, 613 (11th

Cir. 2015) (recognizing a defendant can file a motion to dismiss before filing an answer, which stays the time to file a responsive pleading). Indeed, "a rule 12(b) motion must be filed before responsive pleadings[.]" *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *see also* FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). And if a court denies a motion under Federal Rule of Civil Procedure 12, "the responsive pleading must be served within 14 days after notice of the court's action[.]" FED. R. CIV. P. 12(a)(4). Because Defendants filed a motion to dismiss for lack of personal jurisdiction, no default or waiver of any objection to personal jurisdiction has occurred.

*No General Jurisdiction*

Defendant Pitt argues the Court lacks general jurisdiction over him because he is a resident of California and does not have "continuous and systematic contacts" with Texas [Dkts. 27 at 4-7; 37 at 14-16]. The Make it Right Defendants similarly argue the Court lacks general jurisdiction as to them because they do not, among other things, "have an office or place of business in Texas; nor does any officer, employee, agent, or representative maintain an office on behalf of the Make it Right Entities in Texas" [Dkts. 28 at 7-8; 37 at 16-18].

"General jurisdiction exists only when the defendant's contacts with the forum state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Lahman*, 2018 WL 3035916, at *5 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Lahman*, 2018 WL 3035916, at *5 (citing *Johnston*, 523 F.3d at 609). "[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* And "[f]or an individual, the paradigm forum for the exercise of general

jurisdiction is the individual's domicile." *Arrow Elecs., Inc. v. Fireracker, LLC*, No. 4:17-CV-00895, 2018 WL 1761883, at *2 (E.D. Tex. Apr. 12, 2018) (quoting *Daimler*, 571 U.S. at 137); *see also Clement Grp., LLC v. ETD Servs., LLC.*, No. 4:16-CV-00773, 2017 WL 2972877, at *3 (E.D. Tex. July 12, 2017); *Yasinosky v. River Oaks Farms Inc.*, No. 4:17-CV-214-A, 2017 WL 2709736, at *2 (N.D. Tex. June 22, 2017).

Here, Defendants are not "at home" in Texas. *See Lahman*, 2018 WL 3035916, at *5. It is undisputed that Defendant Pitt is a resident of California [Dkts. 24 at 5-6; 37 at 6]. *Christina v. Pitt*, No. 4:20-CV-00534-CAN, 2020 WL 5518051, at *3 (E.D. Tex. Sept. 14, 2020). It also undisputed that the Make it Right Defendants are citizens of Delaware and Louisiana [Dkts. 24 at 6; 37 at 6]. *Christina*, 2020 WL 5518051, at *3.[4] Not a single defendant is a Texas resident. In addition, Defendant Pitt does not own real property in Texas, does not pay property taxes in Texas, does not vote in Texas, and has not set up shop in Texas [Dkt. 27-1]. Similarly, the Make it Right Defendants do not operate in Texas, are not registered in Texas, do not maintain a registered agent in Texas, do not have an office in Texas, do not possess or use real property in Texas, do not maintain a mailing address in Texas, and do not have a bank account in Texas [Dkt. 28-1].

The sum total of Plaintiff's allegations in the Amended Complaint and her Response made in support of general jurisdiction over Defendants are: (1) Plaintiff entered into a business agreement with Defendant Pitt and, by extension, the Make it Right Defendants; (2) Plaintiff sent money to Defendants to uphold her end of the business agreement; and (3) Defendants receive revenue from Texas residents from either donations or movie-related sales. Plaintiff reaffirmed during Hearing that these are the sole bases for asserting general jurisdiction [Dkt. 37 at 6-7].

---

[4] During Hearing, Plaintiff stated the Make it Right Defendants are only citizens of Delaware and not Louisiana [Dkt. 37 at 6]. This is contrary to both Plaintiff's prior concession during the September 3, 2020 hearing on her motion to remand and the Court's corresponding memorandum opinion and order. *Christina*, 2020 WL 5518051, at *3. Notwithstanding, it remains that no Party disputes that not a single defendant is a Texas resident.

These allegations are insufficient to demonstrate that Defendants, who are residents in states other than Texas, have substantial, continuous, and systematic contacts with Texas required for purpose of establishing general jurisdiction.

### i. *Business Agreement and Monies Supplied in Support of Same*

Plaintiff alleges Defendant Pitt entered into a business agreement with her and that she sent Defendants money [Dkt. 37 at 6-7]. But the exercise of general jurisdiction requires the contacts with Texas must be "so 'continuous and systematic' as to render [Defendants] essentially at home in" Texas—"extensive contacts" rather than a handful of contacts. *See Lahman*, 2018 WL 3035916, at *5. A single contract, standing alone, is generally "not sufficient to form the basis for general jurisdiction." *See Johnston*, 523 F.3d at 612. Thus, Plaintiff's allegations, even if taken as true, do not establish general jurisdiction, particularly where, as here, Plaintiff concedes "there is no written contract" [Dkt. 30 at 5] and Defendants have submitted declarations contesting all jurisdictional facts alleged, including the existence of any agreement. *See Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 674 (S.D. Tex. 2014) ("An out-of-state defendant that merely does business with Texas businesses or customers will not be subject to general jurisdiction if it does not have a lasting physical presence in the state."); *Cunningham v. Guidubaldi & Assocs.*, No. 4:18-CV-00118-ALM-CAN, 2019 WL 1119365, at *6 (E.D. Tex. Jan. 11, 2019) ("Plaintiff's allegation that the [defendant] entered into a contract with a Texas individual and entity, standing alone, is insufficient to establish general jurisdiction."), *report and recommendation adopted*, No. 4:18-CV-118, 2019 WL 1117915 (E.D. Tex. Mar. 11, 2019); *Fairchild v. Barot*, 946 F. Supp. 2d 573, 578 (N.D. Tex. 2013) (concluding the court lacked general jurisdiction over a corporate officer who, according to the corporate officer's own declaration, "did not do any of the following in Texas: own real property, maintain bank accounts, maintain a

registered agent for service of process, pay taxes, conduct business, or maintain a mailing address").

### ii. *Revenues and Donations*

Plaintiff further argues general jurisdiction may be exercised over Defendant Pitt because he has received revenue from Texas residents from movie tickets for his films released in Texas, DVDs purchased in Texas, and online platforms that stream his films in Texas [Dkts. 30 at 4; 37 at 7]. Plaintiff, along these same lines, also argues the Court retains general jurisdiction over the Make it Right Defendants because they receive "undisclosed amounts of donations" from Texas residents [Dkts. 30 at 4; 37 at 7]. In sum, Plaintiff alleges some unspecified amount of movie-related revenue, and unspecified amount of donations support the exercise of jurisdiction.

First off, the allegations made are largely generalized and provide "no indication as to the extent, duration, or frequency of [Defendants'] contacts." *Lahman*, 2018 WL 3035916, at *5 (quoting *Johnston*, 523 F.3d at 609). Moreover, that Defendant Pitt's movies happen to be purchased and/or viewed in Texas is insufficient to confer general jurisdiction. As the Western District of Texas aptly explained:

> Most websites are accessible almost everywhere in the world; the fact that they are also accessible in Texas does not, without more, weigh heavily in personal jurisdiction analysis[.] Likewise, the fact that one sells books via an online retailer should not subject one to personal jurisdiction anywhere the online retailer's website can be accessed.

*Pervasive Software, Inc. v. Lexware Gmbh & Co.*, No. A-10-CA-498-SS, 2011 WL 13185744, at *6 (W.D. Tex. Jan. 4, 2011) (analyzing general jurisdiction). This conclusion is in line with the Fifth Circuit's reasoning that "various brief contacts," including, analogous to here, writing "three books that were circulated, in part, in Texas," was insufficient to conclude the "defendants should

have reasonably expected to be sued in Texas on any matter, however remote from these contacts." *Wilson*, 20 F.3d at 650 (analyzing general jurisdiction).[5]

Likewise, and contrary to Plaintiff's suggestion, the Make it Right Defendants' alleged receipt of donations from Texas residents is also insufficient to confer general jurisdiction. As the Supreme Court has explained, "in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 139 n.19). Both the Northern District of Texas and Southern District of Texas have concluded the receipt of fundraising revenue in Texas, alone, is insufficient to exercise general jurisdiction. *See Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 714 (N.D. Tex. 2012) ("Evidence that a university recruits or admits students from the forum state, employs forum residents, *receives revenue from the state in the form of* tuition or *fundraising*, or has contacts with prospective students and alumni in the state is simply insufficient to support the exercise of general jurisdiction.") (collecting cases) (emphasis added); *Weisskopf v. United Jewish Appeal-Fed'n of Jewish Philanthropies of New York, Inc.*, 889 F. Supp. 2d 912, 927-28 (S.D. Tex. 2012) (finding "there is no basis for the exercise of [general] personal jurisdiction" over a corporate entity because, among other reasons, the website "allows users to make online donations" but "does not specifically target Texas residents through its website"). This is not an "exceptional case." *See Oldaker v. Johnson & Johnson, Inc.*, No. 3:13-CV-2159-O, 2013 WL 12126260, at *4-5 (N.D. Tex. Nov. 20, 2013) ("Plaintiff's general assertions that Ethicon LLC places its products into the stream of commerce and conducts business "within" Texas are insufficient to meet the

---

[5] Moreover, Plaintiff does not allege that Defendant Pitt himself sold movie tickets or other goods related to his movies; rather, it is clear that Defendant Pitt has benefited from sales made by third parties in this state. But any receipt of such benefits "does not suggest that [Defendant Pitt] was purposefully availing [him]self of the benefits and protections of Texas law." *See Pervasive Software, Inc.*, 2011 WL 13185744, at *6.

requirements to establish general jurisdiction"); *Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550, at *7-8 (W.D. Tex. Oct. 26, 2015) (concluding the plaintiff failed to show the LLCs were "essentially at home in the forum State" in the general-jurisdiction context because there is no evidence of "any connection between the LLCs and the state of Texas" other than a publishing agreement). In this case, the Court plainly does not have general jurisdiction over Defendants. Plaintiff's allegations fail to demonstrate "continuous and systematic" contacts that render Defendants "at home" in Texas. *See Lahman*, 2018 WL 3035916, at *5.

Further, to reiterate, Defendant Pitt has averred under penalty of perjury that he does not reside in Texas, does not own real property in Texas, does not pay property taxes in Texas, has never had any contact with Plaintiff, and has never requested nor received any payments from Plaintiff [Dkt. 27-1]. The Mazzuto Declaration similarly states the Make it Right Defendants, during the relevant time frame, "have never been authorized, registered, or qualified to do business in the State of Texas," "do not maintain a registered agent in Texas," "do not have any officers, employees, agents, or representatives who maintain an office in Texas," "do not have an interest in and do not use or possess any real or personal property in Texas," and also "have not transacted business or performed any character of work or service in Texas," "derive no revenue from any clients, consumers, customers, or any other business in Texas," "have not conducted any business with Plaintiff," have not "entered into any contracts with [Plaintiff] within the State of Texas or elsewhere," and "have not received any payments . . . donations, loans, or payments of any kind from Plaintiff" in exchange for a promise "to perform obligations under a contract" [Dkt. 28-1].[6]

---

[6] In light of the declarations, Plaintiff's "contradicted facts, if any, alleged in [her] complaint are not taken as true." *See Lahman*, 2018 WL 3035916, at *12; *see also Pyung Lee v. Verimatrix, Inc.*, No. 3:19-CV-0898-B, 2019 WL 5535764, at *9 (N.D. Tex. Oct. 25, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)) ("[T]he Court does not assume that Plaintiffs' solicitation allegation is true . . . . Rather, the Court credits Defendant Cooper's affidavit testimony and finds that Plaintiffs have not presented 'sufficient facts as to make out . . . a prima facie case supporting [personal] jurisdiction[.]'").

Because it is clear Defendants do not have substantial, continuous, and systematic contacts with the State of Texas, the Court may not exercise general jurisdiction over Defendants.

*No Specific Jurisdiction*

Thus, the only remaining question is whether this Court has specific jurisdiction over Defendants. Defendants contend the answer is no. Specifically, Defendant Pitt argues the Court lacks specific jurisdiction because the communications and/or alleged agreement that form the basis of Plaintiff's claims were actually with individuals posing as Brad Pitt rather than Brad Pitt himself [Dkt. 27 at 4, 7-8]. The Make it Right Defendants assert almost identical arguments regarding specific jurisdiction [Dkt. 28 at 8-10]. Plaintiff, in her Response, focuses almost entirely on general jurisdiction and only cursorily mentions specific jurisdiction [Dkt. 30]. But at Hearing, Plaintiff indicated the purported business agreement with Defendants also supplies specific jurisdiction [Dkt. 37 at 6-7, 11-13]. Accordingly, the Court analyzes the alleged agreement under this jurisdictional guise as well.

"Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state." *Lahman*, 2018 WL 3035916, at *5 (citing *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). "For the Court to exercise specific jurisdiction, the Court must determine[:] '(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" *BioTE Med., LLC v. Jacobsen*, No. 4:18-CV-866, 2019 WL 5296979, at *2 (E.D. Tex. Aug. 22, 2019) (quoting *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)).

Plaintiff's Amended Complaint fails to establish specific jurisdiction. As set forth *supra*, the totality of Plaintiff's allegations bearing on jurisdiction are: Plaintiff entered into a business agreement with Defendant Pitt and, by extension, the Make it Right Defendants; Plaintiff sent money to Defendants to uphold her end of the business agreement; and Defendants receive revenue from Texas residents from either donations or movie-related sales.[7] The only allegation which could support specific jurisdiction of these arises from Plaintiff's alleged agreement with Defendant Pitt.

However, Defendant Pitt, pointing again to his declaration, asserts he "never entered into an agreement with Plaintiff," "has never met or had any contact with Plaintiff," and never entered "into any 'agreement' with Plaintiff or otherwise agree[d] to appear at any fundraising events, whether directly or through a representative" [Dkt. 27 at 3-4]. The Make it Right Defendants aver they have not conducted business with Plaintiff or entered into any contract with her, have not received payment of any kind from Plaintiff in exchange for a promise to perform a contractual obligation, and have not had communications with Plaintiff other than those between September 2018 and May 2019 when Plaintiff notified them of the "fake Brad Pitt" accounts [Dkt. 28-1]. Plaintiff fails to offer any "other evidence," either in her pleadings or during Hearing, that establishes "genuine, material conflicts" with these declarations. *See Lahman*, 2018 WL 3035916, at *4.[8]

Rather, Plaintiff herself seemingly concedes she did not have a contract with, and she was not defrauded by, the named Defendants. At Hearing, Plaintiff acknowledged there were "fake

---

[7] Because Plaintiff's claims against Defendants do not arise from or directly relate to any alleged movie-ticket revenue and/or donations made by Texas residents, such allegations cannot form the basis for specific jurisdiction over Defendants in this cause.

[8] Plaintiff's "contradicted facts, if any, alleged in [her] complaint are not taken as true." *See Lahman*, 2018 WL 3035916, at *12.

Brad Pitts" who had tried to take advantage of her [Dkt. 37 at 26-27]. And in her filings, Plaintiff states Defendants are trying to "shield themselves from having knowledge of impersonators of Brad Pitt and representatives of Make it Right Foundation" who "pray on Defendants' supporters" and further asserts she has "established Defendants were made aware of Plaintiff's claims" so that they can "remedy the negligent actions and/or inactions which resulted in Plaintiff, and potentially others, being defrauded under the guise of Defendant[s]" [Dkt. 30 at 2, 6]. Plaintiff further states Defendants are obligated to investigate "reports that imposters are using Defendants's [sic] name and Make it Right Foundation's name to defraud the general public, including Plaintiff" [Dkt. 30 at 7]. But "rather than investigate if someone within the foundation or an external impostor committed the acts Plaintiff complains of in this case," Plaintiff claims Defendants ignored her [Dkts. 30 at 8; 37 at 26-27].[9] Plaintiff cannot simultaneously claim the Court has personal jurisdiction over Defendants because of a business agreement Defendants executed while also acknowledging that it was not Defendants who executed that same business agreement. During Hearing, Plaintiff provided no discernable explanation for these conflicting assertions, but did reaffirm that she was contacted by "fake Brad Pitts" and told Defendants about their existence [Dkt. 37 at 26-27]. Because the named Defendants were not a party to the alleged agreement, there is not specific jurisdiction over them.

Even if Defendants were a party to the alleged agreement, such fact, standing alone, does not dictate a finding of personal jurisdiction. This is because to determine whether there is personal jurisdiction to hear Plaintiff's breach-of-contract claims against Defendants, this Court must "evaluate multiple factors" and decide whether Defendants have "purposefully established

---

[9] This is consistent with the Rule 26(f) Report under the section titled "Plaintiff's Contentions" wherein Plaintiff states she "provided Marian Cooper with valuable information about 'fake Brad Pitt' collections which is crucial to this case" [Dkt. 14 at 4].

minimum contacts" with Texas. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985)). These factors include "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing[.]" *Burger King*, 471 U.S. at 479; *see also Maxotech Solutions, LLC v. Pamten, Inc.*, No. 3:20-CV-1387-S, 2020 WL 6489015, at *6 (N.D. Tex. Nov. 3, 2020) (listing factors to be considered). And while a "single act directed at the forum state can confer personal jurisdiction," "merely contracting with a resident of the forum state does not establish minimum contacts." *Moncrief Oil*, 481 F.3d at 311. Neither does an "exchange of communication" in the course of contracting, "by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Id*. Otherwise, jurisdiction could be exercised based only the fortuity that one of the parties happens to reside in the forum state. Thus, the focus of the Court's inquiry must be on the relationship between the defendant, the forum, and the litigation.

Here, Plaintiff alleges the agreement was for Defendant Pitt's appearances at fundraising events;[10] however, there is no reference to where these events were proposed to be held. Rather, the only reference is that the stated purpose of the events was to benefit the victims of Hurricane Katrina (in another state, Louisiana). There is no representation that any of Defendants' purported obligations under the alleged agreement were to be performed in Texas. There is also no representation that Defendants ever traveled to Texas to meet with or negotiated with Plaintiff in Texas. At Hearing, Plaintiff confirmed she had never met in person with any of Defendants. There is no representation that payments under the alleged contract were to be and/or were tendered in Texas. "A [party's] unilateral activities in Texas do not constitute minimum contacts [in a breach-

---

[10] To reiterate, Plaintiff concedes there is no signed or written contract; the alleged agreement consists of her communications with the "fake Brad Pitts."

MEMORANDUM OPINION AND ORDER – Page 17

of-contract case] where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas." *Moncrief Oil*, 481 F.3d at 312 (citing *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026 (5th Cir. 1983)); *see also Sangha v. Navig8 ShipManagement Private Limited*, 882 F.3d 96, 103 (5th Cir. 2018) (analyzing specific jurisdiction). Plaintiff has not pleaded sufficient facts to establish that the alleged agreement at issue can serve as the basis for specific jurisdiction over Defendants.

In sum, it was Plaintiff's burden to establish that jurisdiction exists after Defendants filed their Motions to Dismiss. *Lahman*, 2018 WL 3035916, at *4 (citing *Bullion*, 895 F.2d at 217); *see also AllChem Performance Products, Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 785 n.6 (S.D. Tex. 2012). Upon a full and fair consideration of the record before the Court, Plaintiff has not done so here. Accordingly, the Court may not exercise personal jurisdiction over Defendants.[11]

---

[11] During Hearing, Plaintiff requested an opportunity to amend her complaint a second time [Dkt. 37 at 24-25]. Defendants, in response, argue amendment would be futile and that adding a claim for negligence would not change the Court's analysis on personal jurisdiction [Dkt. 37 at 20, 22-23]. *See Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, No. 3:17-CV-1147-D, 2019 WL 329545, at *9 (N.D. Tex. Jan. 25, 2019) (considering the futility of amendment "in the context of pleading personal jurisdiction"). Even if the Court granted leave to amend so that Plaintiff could add a claim for negligence, the Court agrees its analysis herein regarding personal jurisdiction would not change. And, as Defendants' aptly point out, under Texas law, "[g]enerally, no person has a legal duty to protect another from the criminal acts of a third person." *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso 2012, no pet.) (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998)). Moreover, at Hearing, Plaintiff confirmed that there are *only* three bases for the Court exercising personal jurisdiction: the purported business agreement, the money Plaintiff sent in connection with the purported business agreement, and a general allegation that Defendants receive revenue from Texas residents from either donations or movie-related sales [Dkt. 37 at 6-7]. As the Court detailed herein, these allegations are insufficient to exercise personal jurisdiction. *See Meener v. Gen. Motors Co.*, No. 3:18-CV-3180-L-BK, 2019 WL 1574858, at *2 (N.D. Tex. Feb. 22, 2019) (concluding leave to amend is futile because "no facts exist to establish the Court's personal jurisdiction"), *report and recommendation adopted*, No. 3:18-CV-3180-L, 2019 WL 1569540 (N.D. Tex. Apr. 10, 2019); *Downhole Tech. LLC v. Silver Creek Services Inc.*, No. H-17-0020, 2017 WL 1906910, at *4 (S.D. Tex. May 8, 2017) (concluding amendment would be futile because the plaintiff "has identified no facts that would support the court's personal jurisdiction over" the defendant). Plaintiff has failed to adequately "explain what, if anything, amending the complaint would accomplish"; she has already been afforded an opportunity to amend and thus "has already had an opportunity to present evidence in support of personal jurisdiction and has failed to make the required *prima facie* showing." *See Shippitsa Ltd. v. Slack*, No. 3:18-CV-1036-D, 2019 WL 277613, at *6 (N.D. Tex. Jan. 22, 2019).

## CONCLUSION

Based on the foregoing, the Motions to Dismiss [Dkts. 27; 28] are each **GRANTED**. Plaintiff Kelli Christina's claims against Defendants Brad Pitt, Make it Right Foundation, Make it Right NMTC, LLC, and Make it Right-Solar, Inc. are hereby **DISMISSED WITHOUT PREJUDICE**.[12] [13]

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.    SIGNED this 12th day of November, 2020.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[12] By concluding this Court lacks personal jurisdiction over Defendants, the Court does not conclude personal jurisdiction would be lacking in other forums.

[13] Under 28 U.S.C. § 1631:

> Whenever a . . . court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. "The decision to transfer a case lies within the discretion of the district court." *Orix Pub. Fin., LLC v. Lake County Hous. & Redevelopment Auth.*, No. 3:11-CV-0678-D, 2011 WL 3628958, at *8 (N.D. Tex. Aug. 16, 2011) (citing *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam)). Here, the interest of justice favors dismissal rather than transfer of Plaintiff's claims to another jurisdiction. As an initial matter, no party requested transfer. Next, as the Northern District of Texas stated, "the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy." *Duru v. Dep't of Justice*, No. 3:16-CV-1161-K-BN, 2016 WL 4440491, at *4 (N.D. Tex. July 12, 2016) (quoting *Dominguez-Mijares v. United States*, No. L-10-69, 2010 WL 2635546, at *2 (S.D. Tex. June 21, 2010); citing *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989)), *report and recommendation adopted*, No. 3:16-CV-1161-K, 2016 WL 4523926 (N.D. Tex. Aug. 20, 2016). And most importantly, the Court does not have authority to transfer because "section 1631 does not permit the transfer of a removed case to another federal court." *Sanders v. ExxonMobil Corp.*, No. SA-08-CA-590-OG, 2008 WL 11417386, at *6 (W.D. Tex. Sept. 30, 2008). The interest of justice favors dismissal. *See Duru*, 2016 WL 4440491, at *4 ("Plaintiff's current action's lack of merit . . . favors dismissal over transfer."); *CAPPA Fund III, LLC v. ACTTHERM Holding, a.s.*, No. 3:10-CV-0897-L, 2010 WL 3766754, at *4 (N.D. Tex. Sept. 27, 2010) ("The court determines that it will exercise its discretion and dismiss, rather than transfer, this action. The court lacks personal jurisdiction over Defendants, and, because the facts are not fully developed, it is not clear whether California has personal jurisdiction over them either.").